[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15501
Non-Argument Calendar

_____

D. C. Docket No. 05-00952-CV-WSD-1

JASON C. ANDERSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
LOCKHEED GEORGIA EMPLOYEE'S FEDERAL CREDIT UNION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2007)

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

James C. Anderson, pro se, appeals the district court's denial of his petition to quash a summons issued by the Internal Revenue Service ("IRS") directing a third-party to produce records related to him and the denial of his motion to stay. Anderson argues that the government did not follow proper administrative steps for the issuance of the summons, nor did it prove that he was a taxpayer, or that IRS agents are vested with the delegated authority to issue this type of summons. We AFFIRM.

## I. BACKGROUND

On 1 February 2005, Anderson, pro se, filed the present petition to quash a summons issued by the IRS to a third-party "private record[]" keeper, Lockheed Georgia Employee's Federal Credit Union ("Credit Union"), pursuant to 26 U.S.C. § 7609. Anderson asserted in this petition that the IRS was impermissibly using the summons as an attempt to gather information against him for criminal prosecution. Specifically, Anderson charged that the IRS had labeled him a "tax protester," had abandoned its civil investigation of him, and had made an "informal determination" to prosecute him criminally, or, alternatively, had made a "formal recommendation" to the Department of Justice for criminal prosecution. R1-1 at 2. Moreover, Anderson claimed that the IRS's summons was defective because it was

2

too broad.[1]  Therefore, Anderson claimed that the summons was not issued in good faith, and was violative of controlling law, as well as of "his person, his privacy, his Constitutional rights, and his natural rights, which would and ought to be protected by the government." Id.  The summons, which was signed by IRS Agent Jeffrey Kuebler, sought "monthly statements and deposit details" for the calendar years 2000 through 2003 for two checking accounts and two savings accounts opened by Anderson.  Id., at Attachment 1.

The government answered the petition to quash and admitted that it was seeking documents regarding Anderson's checking and savings accounts with the Credit Union, as well as any loan applications, for the years 2000 through 2003, but denied that it had an improper purpose for doing so.  The government also raised several affirmative defenses, including, among others, that the district court lacked jurisdiction to consider the petition, pursuant to 26 U.S.C. § 7609(b)(2)(A), because it was filed more than twenty days after the notice of the summons was sent to Anderson via certified mail on 10 January 2005, and one of the decisions relied upon by Anderson, United States v. LaSalle National Bank, 437 U.S. 298, 98 S.Ct. 2357 (1978), had been superceded by 26 U.S.C. § 7602.

Anderson traversed the government's answer and asserted, among other

---

[1] Anderson also alleged that the summons was issued by an "unauthorized person."  R1-1 at 3.

things, that the petition was not untimely filed. To the contrary, Anderson claimed that the IRS's notice of summons was invalid because it was not sent to his last known address, and he timely filed the petition to quash within twenty days of the Credit Union mailing a copy of the notice of summons to his correct address. Anderson's reply included correspondence demonstrating that the IRS had previously sent correspondence to his correct address and, thus, had notice of his correct mailing address at the time that it attempted to send the notice of summons to him. Anderson also argued that Congress, in passing 26 U.S.C. § 7602, "did not and could not overturn" LaSalle. R1-13 at 7.

A magistrate judge held a hearing on the petition to quash in May 2005. As to timeliness, Anderson again asserted that the IRS knew his correct mailing address, but nevertheless intentionally sent the notice of summons somewhere else. Thus, Anderson essentially argued that the time for filing a petition to quash did not begin to run as of the date of mailing of that notice. Instead, Anderson contended that the time period began to run as of the date the Credit Union sent a copy of the notice of summons to his correct address, and so his petition to quash, which was filed within twenty days of that event, was timely. As to the merits, Anderson denied being a "tax protester," and essentially claimed that the third-party summons to the Credit Union should be quashed, because the government

4

did not have a legitimate purpose, and was acting in bad faith, in issuing the third-party summons.

Anderson called IRS Agent Kuebler to testify as an adverse witness. Agent Kuebler testified that his duty as a revenue agent was to determine whether taxpayers reported their tax liability correctly. Agent Kuebler testified that if he uncovered "badges of fraud" during his investigation, he referred the matter to a fraud coordinator, who, in turn, could refer it for criminal investigation. R2 at 51. Agent Kuebler explained that after he was assigned to Anderson's case, he determined that Anderson had not filed a tax return since approximately 1996, but Anderson had been paying interest on a mortgage. Agent Kuebler testified that he was still trying to gather documents to determine Anderson's income, if any. Agent Kuebler further testified that he had not yet reviewed any documents submitted by the Credit Union. On cross-examination, Agent Kuebler noted that Anderson's case had not been submitted to the Department of Justice for a criminal investigation.

After Anderson rested, the government called him as its first witness. Anderson was questioned regarding whether his petition was timely filed. With regard to timeliness, Anderson testified that the copy of the notice that was sent to him was sent to an incorrect post office box, and so he did not personally receive

5

the IRS's notice of summons until 27 January 2005. Nevertheless, Anderson admitted that he had executed a power of attorney naming John Turner, an ex-IRS employee, as his designated "representative" regarding the IRS's civil investigation into his federal tax liability, and Turner had served in this capacity since February or March 2004. The government introduced a certified letter that the IRS sent to Turner on 10 January 2005, and confirmation that the letter had been delivered. Anderson further testified that the Credit Union sent him a notice of summons on 12 January 2005, which he received the following day. The government never raised a jurisdictional argument or requested that the petition to quash be dismissed as untimely because it was not filed within twenty days of Anderson's attorney-in-fact receiving the notice of summons, however. Moreover, the government did not introduce any evidence that the Secretary of the IRS received notice under 26 U.S.C. § 6903 that Turner was acting for Anderson in a fiduciary capacity. As to the merits of the petition to quash, Anderson admitted not filing a federal income tax return from 2000 through 2003. The government next called Agent Kuebler in rebuttal, and he confirmed that Anderson's case had not been referred for criminal investigation.

In October 2005, approximately eight months after the petition to quash was filed and five months after the hearing on the matter was held before the magistrate

judge, Anderson moved to amend his petition to quash. Conceding that the petition could not be amended as of right, Anderson argued that he was entitled to leniency as a pro se litigant and should be permitted to amend his petition. The government opposed Anderson's motion to amend. While acknowledging that the district court had broad discretion under Federal Rule of Civil Procedure 15(a), the government asserted that Anderson's new claims were meritless and untimely. Anderson next moved to stay the proceedings, and asserted, among other things, that he wanted an opportunity to exhaust unspecified administrative remedies, and he never "knowingly or un-wittingly waived such rights to remedy available." R1-32 at 1.

The magistrate judge issued a report and recommended that Anderson's petition to quash be denied on the merits, and his motions to amend and to stay be denied also. The magistrate judge found that the IRS met its burden of proof, because it established that Anderson had not paid federal income taxes from 2000 through 2003, and, with respect to these years, it was seeking as part of its civil investigation records from the Credit Union. By contrast, the magistrate judge found that Anderson failed to meet his burden, since the "IRS had a basis to assume that [he] was liable to pay taxes" because he failed "to file income tax returns for at least four years . . . ." R1-33 at 8.

7

As to the motion to amend, the magistrate judge found that the new claims were frivolous for the reasons articulated by the government, or, alternatively, the motion was untimely and justice did not require the grant of the motion. The magistrate judge denied the motion to stay, concluding that there were no administrative remedies available for Anderson to exhaust.

Anderson objected to the report and alleged that the magistrate judge assumed facts not in the record, but Anderson did not identify which facts were improperly assumed, or explicitly object to any particular factual finding. As to the motion to stay, Anderson contended that the magistrate judge violated his due process rights by ignoring his citations to numerous rulings where other courts have enforced the doctrine of exhaustion of administrative remedy, thus denying him the opportunity to so exhaust.

Ultimately, the district court adopted the magistrate judge's report, and denied, among others, Anderson's petition to quash and his motions to amend and to stay. The court noted that Anderson did not object to the magistrate judge's recommended findings. With respect to the petition to quash, the court found that the undisputed evidence demonstrated that Anderson had not filed tax returns for the years 2000 through 2003, the IRS issued a summons in connection with its civil investigation of tax liability for those years, and the IRS was obligated "to conduct

8

the sort of inquiry for which the summons was issued" pursuant to 26 U.S.C. § 7601(a). R1-38 at 4. By contrast, the court determined that Anderson did not proffer evidence demonstrating that the summons was served "for any other or any improper purpose," and so there was no basis on which to quash the summons. Id.

With respect to the motion to amend, the court found that the new claims were futile and the motion was untimely filed. With respect to the motion to stay and to Anderson's objections to the magistrate judge's report, the court noted, among other things, that Anderson had not shown that there were any administrative remedies that were required to be exhausted before the summons could be enforced.

Anderson filed a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59. Anderson argued, among other things, that the IRS lacked standing to bring a cause of action relative to him, and the magistrate judge violated his due process rights by permitting the introduction of hearsay and unauthenticated documents pursuant to Federal Rules of Evidence 801 and 901, respectively. For the first time, Anderson also raised a specific issue as to the magistrate judge's findings of fact, arguing that there was no evidence to support a finding that he was "an employee of a company called Lockheed-Georgia." R1-40 at 5. The district court entered an order denying Anderson's motion for

reconsideration, and Anderson timely appealed.

## II. DISCUSSION

A. <u>Petition to Quash</u>

Anderson essentially argues that the district court erred in dismissing his petition to quash. Anderson maintains that the government did not satisfy its burden of proof and, specifically, the government did not follow proper administrative steps for the issuance of the summons, and so the summons was illegal. Anderson asserts that the government did not establish that he was a taxpayer or that Agent Kuebler was vested with the delegated authority to issue the summons.[2] Anderson also contends that the district court's findings were unsupported.

We review a district court's conclusions of law <u>de novo</u>. <u>MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.</u>, 89 F.3d 1548, 1554 (11th Cir. 1996) (citation omitted). By contrast, because we assume that Anderson's objections to the magistrate judge's report and recommendation preserved this issue on appeal, we will review the court's factual-findings for clear error. <u>La Mura v. United States</u>,

---

[2] Although these two claims were not formally raised until the motion to amend the petition to quash, Anderson did mention these points before the magistrate judge during the hearing on the petition to quash and the government did not object at that time. Thus, to the extent that these new claims were raised below, in light of Anderson's <u>pro se</u> status, we address them here. <u>See</u> <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 2003) (per curiam) ("<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)).

765 F.2d 974, 981, n.10 (11th Cir. 1985) (citations omitted).

"[T]he Secretary of the Treasury, or the IRS as his designee, may 'examine any books, papers, records, or other data which may be relevant or material to . . . ' ascertaining the correctness of any return and may issue summonses to those in 'possession, custody, or care' thereof to appear and produce them to the IRS." La Mura, 765 F.2d at 978-79 (quoting 26 U.S.C. § 7602). "The IRS'[s] power to investigate under section 7602 has been described as 'broad' and 'expansive.'" Id. (citations omitted).

The power to investigate is not without limit, however. "To obtain enforcement of a summons, the IRS must demonstrate (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry will be relevant to that purpose, (3) that the information sought is not already in the IRS'[s] possession and, (4) that it has taken the administrative steps necessary to the issuance of a summons." Id. (citing United States v. Powell, 379 U.S. 48, 57-59, 85 S. Ct. 248, 255 (1964)). Once the government satisfies these requirements, the burden then shifts to the party contesting the summons to "disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." Id. at 979-80 (citations omitted). A summons for records or

11

documents maintained by a third-party is issued for a legitimate purpose so long as the IRS is investigating potential criminal violations of the tax code and has not already referred the matter to the Department of Justice for criminal prosecution. Id.

The government's burden of showing relevance is "slight." Id. at 981. Information is relevant if it "'might throw light upon the correctness of the taxpayer's return.'" Id. (citation omitted). The government must establish that it has a "'realistic expectation rather than an idle hope that something might be discovered.'" Id. (citation omitted). A "taxpayer" is defined as "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14). We have noted that § 7601 "gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who *may be* liable' for taxes." La Mura, 765 F.2d at 979.

Upon review of the record and the parties' briefs, we find no reversible error in the district court's conclusion that the government properly issued the summons under Powell, even assuming that Anderson is correct that the court's factual-finding as to his place of employment is unsupported by the record. The summons here was issued for a legitimate reason. An IRS agent testified at a hearing on the petition to quash that the IRS's investigation of Anderson was merely civil in nature at this point, and his file had not been referred to the Department of Justice

12

for criminal investigation or prosecution.  See id. at 980 n.9 (noting "that the IRS may not issue a summons if it has referred the case to the Department of Justice for criminal prosecution").  Moreover, this inquiry was relevant to the IRS's civil investigation of potential federal tax liability from 2000 through 2003, given that Anderson admitted that he had not filed federal tax returns during that time period, the summons sought monthly statements from those years, and it is undisputed that the IRS did not possess the information sought in the summons at the time of the summons's issuance.

Also, the IRS had taken the administrative steps necessary to the issuance of a summons.  Anderson "may be" liable for taxes, because he admitted to working in New York and has not filed federal tax returns since 2000.  See id. at 979.  In addition, IRS agents are vested with the authority to issue third-party summonses. The Secretary of Treasury delegated this power to the IRS, see id. at 978-79, and the IRS, in turn, re-delegated this power to its agents.  See 26 C.F.R. § 301.7701-9(c); 26 C.F.R. § 301.7701-9(b); IRS Delegation Order No. 4 Rev. 22, 1997 WL 33479254 (Aug. 18, 1997) (Commissioner of IRS re-delegating authority to internal revenue agents).  Because the government satisfied its prima facie showing under Powell, and Anderson failed to prove otherwise or to show that the summons was an abuse of the court's process, the district court properly denied the

13

petition to quash.

B. Motion to Stay

Anderson argues that the district court violated his due process rights "by refusing to grant [his] motion to stay the judicial proceedings while both sides continued to exhaust possible administrative remedies, as required by law."  Br. of Appellant at 19.  Anderson maintains that he was required to demand an administrative hearing to have the IRS explain how he is a taxpayer, as defined by law, before filing the petition to quash the summons.  Anderson also argues that he was "required to initiate a direct challenge to authority of anyone representing himself as a government office[r] or agent," such as Agent Kuebler, "to avoid the implications of the de facto officer doctrine," as discussed in Ryder v. United States, 515 US. 177, 115 S. Ct. 2031 (1995).  Id. at 20.

The government responds that Anderson's "assumption" that administrative remedies exist is incorrect.  In fact, the government asserts that Anderson's argument is contrary to the express language of the Internal Revenue Code, which requires an action to quash a summons to be brought in a federal district court. The government also argues that the de facto officer doctrine cannot be applicable here, because Agent Kuebler was vested with the authority to issue the summons.

Anderson replies and argues that his due process rights were violated

14

because he "has made the effort to invoke administrative processes for factfinding, classification, and review by filing his motion to stay but his request fell on deaf ears." Reply Br. of Appellant at 8. Anderson also argues that "[i]t is a United States of America governmental administrative body that has/had the DUTY to answer Appellant's questions as to his alleged 'Taxpayer' (or not) status and the district court erred by failing to make sure that the IRS had sufficiently (lawfully) made such a presumption when it issued its third party summons." Id. at 9-10.

"The interpretation of a statute by a district court is subject to de novo review by this Court." Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 157 (11th Cir. 1990) (citation omitted). 26 U.S.C. § 7609 provides that "any person who is entitled to notice of a summons . . . shall have the right to begin a proceeding to quash such summons" in the "United States district court for the district within which the person to be summoned resides or is found . . . ." 26 U.S.C. §§ 7609(b)(2), (h)(1). There is no administrative process for challenging a taxpayer's status outlined in § 7609. "The de facto officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient." Ryder, 515 U.S. at 180, 115 S. Ct. at 2034.

The district court here did not violate Anderson's due process in denying the

15

motion to stay the petition to quash, because there are no administrative remedies to exhaust. To the contrary, the IRS may issue a summons to a third-party for documents regarding an individual who "may be" liable for taxes, see La Mura, 765 F.2d at 979, and that person can then challenge the validity of the summons in district court, see 26 U.S.C. §§ 7609(b)(2), (h)(1), as Anderson chose to do. Moreover, as the government pointed out, the "de facto officer" doctrine is inapplicable, because, as discussed previously, an IRS delegation order actually authorized Agent Kuebler to issue the summons.

## III. CONCLUSION

The district court properly denied Anderson's petition to quash. Additionally, the district court did not violate Anderson's due process rights in denying his motion to stay because there was no available administrative remedies to exhaust. Accordingly, we **AFFIRM.**