[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10847
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00182-CV-HL-5

CORRINE JACOX,

                                                    Plaintiff-Appellant,

                        versus


THE DEPARTMENT OF DEFENSE, et al.,

                                                    Defendants,

ROBERT M. GATES,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(September 3, 2008)**


Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Corrine Jacox appeals the district court's grant of summary judgment for the defendants in this employment discrimination case. After review of the record and the parties' briefs, we affirm for the reasons stated in the district court's thorough and well-reasoned opinion of February 14, 2008.

Additionally, we briefly address Jacox's motion to compel discovery.[1] Jacox states in her appellate brief that the defendants were "never made to fully disclose . . . in spite of motions to compel . . . Defendants were allowed by the District Judge to decide what was relevant and what they would disclose." We read this as referring to the district court's denial of her motion to compel discovery. We review the denial of such a motion for an abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). Jacox's motion to compel did not include a certification that Jacox had in good faith conferred or attempted to confer with the defendants about their responses to her requests for admission of facts prior to seeking court action as is required by

---

[1] Although not specifically mentioned in Jacox's notice of appeal, "[t]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 785 n.5 (11th Cir. 2004) (quoting Barfield v. Brierton, 883 F.2d 923, 930 (11th Cir. 1989)). Although Jacox's notice of appeal referred to the February 14, 2008 order granting summary judgment rather than the February 15 final judgment, we construe pro se pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Federal Rule of Civil Procedure 37(a)(1). Courts show leniency to <u>pro se</u> litigants, however, <u>pro se</u> litigants are still required to conform to procedural rules, and the court is not required to rewrite deficient pleadings. <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, her motion to compel failed to identify particular problems with the defendants' responses to her requests for admission of facts, nor does she identify any specific shortcomings in the responses in her briefs to this court. The district court did not, therefore, err in denying Jacox's motion to compel discovery.

**AFFIRMED**.