[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16903
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 08-00077-CV-RWS-2

SUZANNE SARVER,

                                                        Plaintiff-Appellant,

versus

RON JACKSON,
each personally and in their official capacities,
KRISTI CARMAN,
each personally and in their official capacities,
et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 2, 2009)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Suzanne Sarver, a student at North Georgia Technical College (NGTC) proceeding *pro se*, appeals the dismissal of her civil complaint filed pursuant to 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681.[1]  Sarver argues the district court erred in dismissing her complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  She asserts she sufficiently alleged: (1) the defendants violated her due process rights under § 1983 before suspending her from school; (2) the Georgia torts of slander, libel, and defamation of character; and (3) sexual harassment by the staff and students interfered with her ability to attend school, and the deliberate indifference of the staff created an intimidating and hostile school environment.  We review each claim in turn.  After *de novo* review, we affirm the district court's dismissal of her complaint.[2]

---

[1]  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

[2] To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  A district court may properly dismiss a complaint if it rests only on "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## I.  DUE PROCESS CLAIM UNDER § 1983

Sarver argues her due process rights were violated because (1) the school set the hearing during exams, (2) she was only given a general statement of the charges, (3) her sanction was arbitrarily increased to a suspension, and (4) her appeal was ignored because it was sent by e-mail.  Sarver also contends the defendants were not entitled to qualified immunity.

Section 1983 provides a remedy for deprivation of federal statutory and constitutional rights.  *Almand v. DeKalb*, 103 F.3d 1510, 1512 (11th Cir. 1997).  "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  A state official, when sued in his official capacity for damages, is not a person within the meaning of § 1983.  *Will v. Michigan Dep't of State Police*, 109 S. Ct. 2304, 2312 (1989).

Furthermore, "[q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007).  Qualified immunity is an affirmative defense that

3

must be pled, or else it is deemed waived. *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). Qualified immunity may be asserted on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.*

As employees of NGTC, each of the defendants were state officials acting within the scope of their employment. Accordingly, they were not subject to suit for damages in their official capacities. *Will*, 109 S. Ct. at 2312. Furthermore, the district court correctly dismissed the complaint for damages against the defendants in their individual capacities as barred by the doctrine of qualified immunity. The defendants were performing discretionary functions authorized as part of their employment when determining whether to impose disciplinary sanctions against Sarver. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004) (holding a defendant performed a discretionary function if he: "(a) perform[ed] a legitimate job-related function (that is, pursu[ed] a job-related goal), (b) through means that were within his power to utilize"). The defendants also properly raised the defense in their motion to dismiss. *See Skrtich*, 280 F.3d at 1306. Therefore, they are entitled to qualified immunity unless Sarver can satisfy the following two-part analysis to defeat qualified immunity: (1) the facts, as alleged and viewed in the light most favorable to the plaintiff, must establish a constitutional violation; and (2) the constitutional right violated must be clearly

established.  *Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001), *abrogated in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (holding district courts have discretion as to the order in which to address the two prongs).

With respect to the first prong, Sarver asserts a violation of her constitutional right to due process.  "The fundamental requisite of due process is the opportunity to be heard, and with regard to student suspensions, students must be given reasonable notice and an opportunity to have a hearing."  *Nash v. Auburn Univ.*, 812 F.2d 655, 660, 663 (11th Cir. 1987).  Students "have the right to respond [to the charges], but their rights in the academic disciplinary process are not co-extensive with the rights of litigants in a civil trial or with those of defendants in a criminal trial."  *Id.* at 664.  The nature of the hearing will depend upon the circumstances of the particular case, but, in general, a hearing should give the student an opportunity to present her side in considerable detail.  *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 159 (5th Cir. 1961)  ("[A] hearing which gives the Board or the administrative authorities of the college an opportunity to hear both sides in considerable detail is best suited to protect the rights of all involved.  This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required.").

Sarver failed to allege facts establishing a violation of her right to due process. She indicated in her complaint she was notified of the charges against her and given an opportunity to be heard and present a defense. Sarver failed to appear at any scheduled meetings to address the violations with which she was charged. Sarver was then sent a letter informing her of the charges against her, and notifying her she was being put on disciplinary probation. Defendants then gave Sarver the opportunity to appeal and scheduled a hearing date for her appeal, but Sarver did not attend. Sarver's decision not to participate in the process does not negate the fact she was given the opportunity to be heard and present her side.

Because each of the defendants were state officials acting within the scope of their employment, the district court correctly concluded they were not subject to suit for damages in their official capacities. Furthermore, the district court correctly concluded the defendants were entitled to qualified immunity, because they were performing discretionary functions, and Sarver failed to establish their conduct violated her constitutional right to due process.

## II. STATE LIBEL, SLANDER, AND DEFAMATION CLAIMS

Sarver's complaint alleged the school officials made false verbal and written statements about her, and made such statements with the intent to defame Sarver's

character.  Sarver also contends the defendants should not have blacked out the names of those making the alleged defamatory and libelous comments.

Under Georgia law, "libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule."  O.C.G.A. § 51-5-1.  Slander is oral defamation which includes, "uttering any disparaging words productive of special damage which flows naturally therefrom."  O.C.G.A. § 51-5-4.

The district court correctly found Sarver failed to state a claim, as her complaint failed to identify any specific written or verbal statements attributed to the defendants.  *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (holding conclusory allegations are insufficient to state a claim).  In fact, Sarver concedes in her brief she did not know who made the statements which formed the basis of her tort claims.  In any case, absent an express waiver by the state, the Eleventh Amendment bars state law claims against a state in federal court.  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003).  Georgia tort law makes it clear it has not waived its sovereign immunity for tort claims against state officers or employees.  *See* O.C.G.A. § 50-21-25(a).  Furthermore, a tort claim based purely on state law cannot be brought under § 1983.  *See Almand*,

103 F.3d at 1512 ("[S]ection 1983 must not supplant tort law; liability is appropriate solely for violations of federally protected rights.").

## III.  TITLE IX CLAIM

Sarver's complaint alleges sexual harassment by the staff and students interfered with her ability to attend school, and the deliberate indifference of the staff created an intimidating and hostile school environment.  Sarver also contends the defendants were repeatedly notified of the Title IX violation and did nothing.

Title IX provides, in pertinent part,  "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  In *Gebser v. Lago Vista Independent Sch. Dist.*, 118 S. Ct. 1989 (1998), the Supreme Court held a school district will not be liable in damages under Title IX for teacher-on-student sexual harassment "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct."  *Id.* at 1993.  Deliberate indifference is defined as "an official decision by the recipient [of federal funds] not to remedy the violation."  *Id.* at 1999.  When a Title IX plaintiff seeks damages against a school district for student-on-student harassment, the harassment must be "so severe,

pervasive, and objectively offensive that it denied its victims the equal access to education that Title IX is designed to protect." *Sauls v. Pierce County Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005).

The district court correctly dismissed Sarver's Title IX claim, as Sarver's complaint failed to allege facts demonstrating any defendants were on notice of the alleged harassment and demonstrated any deliberate indifference to the matter. Furthermore, Sarver did not make any non-conclusory allegations about who harassed her, what that harassment entailed, or how the alleged harassment was on account of her sex.

For the foregoing reasons, the district court did not err in dismissing Sarver's complaint in its entirety. Accordingly, we affirm.

**AFFIRMED.**