[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14451
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 05-14224-CV-KMM

OSVALDO C. PALAZON,
RONNIE E. CONNOLLY,
COLLINS MURRAY,
RICARDO PEREZ,
WILLIAM BISHOP,
WILLIE JONES,
AARON KOSBERG,
DANIEL MAGLIO,
AUSTIN SPEAS,

Plaintiffs,

KENNETH MCKENNA,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
WEXFORD HEALTH SOURCES INC.,
DR. HARIDAS NARSI BHADJA,
DENISE KELCHNER,

                                                  Defendants-Appellees,

FLORIDA CORRECTIONAL MEDICAL
AUTHORITY,

                                                  Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth McKenna, a Florida prisoner proceeding pro se, appeals the grant

of summary judgment to Defendants in his civil rights action, 42 U.S.C. § 1983.

No reversible error has been shown; we affirm.[1]

---

[1]McKenna filed suit along with nine other plaintiffs. Plaintiffs sought, but were denied, class action certification. All 10 plaintiffs appealed the grant of summary judgment, but only

McKenna alleged that he received inadequate medical care for his inguinal hernia in violation of the Eighth Amendment. He claimed that healthcare providers delayed in performing necessary surgery on the hernia and that this delay caused him greater than necessary pain. McKenna filed suit against the secretary for the Florida Department of Corrections (FDOC) and others involved in administering healthcare services for the FDOC. The district court, adopting the magistrate's report and recommendation, granted summary judgment to Defendants because the treatment McKenna received did not rise to the level of deliberate indifference.

On appeal, McKenna argues that his hernia should have been corrected surgically earlier than it was. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).[2]

For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the

McKenna's appeal is pending presently. The other plaintiffs' appeals were dismissed on various procedural grounds.

[2]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008). To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and internal quotations omitted).

After review, we conclude that the district court properly granted summary judgment to Defendants. Evidence showed that McKenna received treatment for his hernia symptoms on many occasions. Among other things, he received a hernia truss, pain medication, and a wheelchair to help him move around. Medical records showed that McKenna saw doctors regularly and that his hernia remained reducible; and doctors did not want to operate on the hernia as long as it remained reducible. McKenna eventually did have surgery for his hernia.

The care McKenna received was adequate and certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See Harris, 941 F.2d at 1505. Any delay in

4

receiving surgery was because the hernia remained treatable without surgery. That McKenna felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim. See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Harris, 941 F.2d at 1505 (a difference in medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment).

Accordingly, construing the facts in the light most favorable to McKenna, the record does not demonstrate that Defendants' conduct amounted to a constitutional violation. The district court correctly granted summary judgment to Defendants.

AFFIRMED.[3]

---

[3]McKenna abandoned his claim that the FDOC handled improperly his legal mail in violation of the attorney-client privilege by failing to raise this claim on appeal. See North Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).