MARTIN, Circuit Judge,
dissenting:
I respectfully dissent. In this Circuit, “[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.” Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). Here, I fear that the majority holds Mr. Ramlochan to a higher pleading standard than is appropriate for pro se litigants. My concern about the leniency with which we have reviewed Mr. Ramlo-chan’s pleadings relates to the issue of whether he properly pled a basis for equitable tolling of the requirement that he make contact with the EEO Counselor within 45 days of the discriminatory act. Beyond that, I would also address the District Court’s failure to recognize or resolve Mr. Ramlochan’s challenge to the authenticity of his signature on the employment agreement, while the majority opinion does not reach that issue. In light of each of these concerns, I would grant Mr. Ramlochan relief on the equitable tolling issue and remand to the District Court for consideration of the merits.
To give the majority its due, Mr. Ramlo-chan’s complaint never specifically says “I did not receive the Employee Handbook.” Neither did he plead, as he has argued on appeal, that his supervisors immediately took the Handbook from him, denying him an opportunity to review its contents. But by the same token, Mr. Ramlochan does plead that he never received any notice of the time limits. In light of the principle articulated in Tannenbaum, I would liberally construe this general denial as an allegation that Mr. Ramlochan never received the notice in the Handbook.
I have also come to a different conclusion than the majority for the reason that the District Court relied on the signature page from an employment agreement in reaching its conclusion that Mr. Ramlo-chan received notice of the deadline. In so doing, the District Court ignored Mr. Ramlochan’s allegations contesting the authenticity of the signature page on which it relied. Because the record makes clear that the District Court’s decision rested at least in part on the signature page without addressing Mr. Ramlochan’s challenge to its authenticity, I would remand for further factual development. See Corn v. City of Lauderdale Lakes, 95 F.3d 1066, 1073 (11th Cir.1996) (remanding for additional factual development because the record was insufficient for this Court to review the basis and propriety of the District Court’s decision).
For these reasons, I respectfully dissent.