[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13763
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00693-KOB


LEROY JUNIOR MOORE,

                                        Plaintiff - Appellant,

versus

BIRMINGHAM PUBLIC LIBRARY,

                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 14, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Leroy Junior Moore, proceeding *pro se*, appeals the dismissal of what the district court construed to be a civil rights claim brought under 42 U.S.C. § 1983 against the Birmingham Public Library. We affirm.

In his complaint, Mr. Moore alleged that the Library violated his rights under the First and Fourteenth Amendments when it wrongfully accused him of sexually harassing its employees and banning him from its premises. *See* D.E. 1. Mr. Moore also asserted claims against the Library for defamation, slander, wrongfully withholding evidence, and unlawful arrest. *Id.* The district court granted the Library's motion to dismiss, finding that Mr. Moore's claims were barred under the doctrine of *res judicata* (i.e., claim preclusion). D.E. 16 at 2. Specifically, the court found that Mr. Moore's claims in this case were the same, or arose from the same nucleus of operative facts, as those raised by Mr. Moore in a previous complaint filed with the district court in 2012, which had been dismissed with prejudice. *See Moore v. Birmingham Public Library*, 2013 WL 1498974 (N.D. Ala. 2013) (*Moore I*) (dismissing with prejudice Mr. Moore's claims for alleged violations by the Birmingham Public Library of his freedom of speech and due process rights under the First and Fourteenth Amendments).[1]

We review *de novo* a district court's ruling that *res judicata* bars an action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Prior

---

[1] The district court was permitted to "take judicial notice of its own records[.]" *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

2

litigation will bar a subsequent action under the doctrine of *res judicata* when four requirements are met: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000)). This bar applies to claims that were raised in the prior action as well as those claims that could have been, but were not, raised. *See id.*[2]

From the record, it is clear that the first three elements of *res judicata* are present here. First, the district court in *Moore I* properly exercised jurisdiction in that case, liberally construing Mr. Moore's *pro se* complaint as asserting a civil rights claim under 42 U.S.C. § 1983 for violations of constitutional rights. Second, the district court dismissed Mr. Moore's complaint in *Moore I* with prejudice, thereby rendering a final adjudication on the merits. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 304 F.2d 1498, 1501-02 (11th Cir. 1990) (a dismissal with prejudice "normally constitutes a final judgment on the merits which bars a later suit on the same cause of action"). Third, the parties in *Moore I*—namely, Mr. Moore and the Birmingham Public Library—are the same parties in this case. *See Moore*, 2013 WL 1498974, at *1; D.E. 1.

---

[2] As Mr. Moore is proceeding *pro se*, his pleadings must be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The fourth element, requiring that the prior and present causes of action be the same, has also been met. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239 (citations omitted). Specifically, we must decide whether the prior and present causes of action "arise[] out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *Id.*

In addition to First and Fourteenth Amendment claims, the current complaint by Mr. Moore asserted claims for defamation, slander, wrongfully withholding evidence, and unlawful arrest that were not raised in *Moore I*. Mr. Moore's claims in both cases, however, arise from a series of incidents between Mr. Moore and Library employees which resulted in a 2011 sexual harassment complaint filed against Mr. Moore by Library employees, as well as his subsequent expulsion from the Library in 2012. Both actions, therefore, are based upon the same factual predicate, and Mr. Moore's present claims were or could have been asserted in *Moore I*. As all four elements of *res judicata* are satisfied, we affirm the district court's order granting the Library's motion to dismiss.

**AFFIRMED.**