United States Court of Appeals,

Eleventh Circuit.

No. 97-4441

Non-Argument Calendar.

Eric Mark TANNENBAUM, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Aug. 4, 1998.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 92-6175-CR-JAG & 96-6324-CIV-JAG), Jose A. Gonzalez, Judge.

Before GODBOLD, HILL and FAY, Senior Circuit Judges.

PER CURIAM:

Eric Mark Tannenbaum appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for the violation of 18 U.S.C. § 924(c)(1) (possession of a firearm during a drug-trafficking offense).

On appeal, Tannenbaum argues that when he pled guilty to carrying and using a firearm in violation of § 924, his plea was based solely on the law before the clarification in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)(requiring proof of active employment of the firearm in the commission of the offense to establish "use" under 18 U.S.C. § 924(c)(1)). He also argues that because of the Supreme Court's recent holding in *Bousley v. United States,* --- U.S. ----, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), even though his claim was procedurally defaulted by not challenging the validity of his guilty plea on appeal, if he can establish "actual innocence," he may still be entitled to a hearing on its merits.

In a § 2255 proceeding, this Court reviews factual findings for clear error while it reviews legal issues *de novo*. *Martin v. United States,* 81 F.3d 1083, 1084 (11th Cir.1996); *Fernandez v. United States,* 941 F.2d 1488, 1491 (11th Cir.1991). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Fernandez,* 941 F.2d at 1491. But, issues not raised below are normally deemed waived. *See generally United States v. Everett,* 129 F.3d 1222, 1225 (11th Cir.1997). "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley,* 118 S.Ct. at 1609.

We have reviewed the applicable statutes and caselaw, examined the relevant portions of the record, and considered the briefs of the parties; we find no reversible error.

Because *Bailey* discussed only the "use" prong of § 924(c), it did not change the analysis to be applied to determine whether evidence is sufficient to convict a defendant for "carrying" a firearm under § 924(c). *See United States v. Farris,* 77 F.3d 391, 395 & n. 4 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 241, 136 L.Ed.2d 170 (1996). In order to convict a defendant for "carrying" a firearm, it is necessary only to show that the defendant knowingly carried a gun in a car that was being used as a drug-distribution center. *United States v. Range,* 94 F.3d 614, 617 (11th Cir.1996)(defendant who knowingly carried a gun under the floormat of his car when delivering drug money was properly convicted of carrying a firearm under § 924(c), even though there was insufficient evidence to support his conviction for use of a firearm); *see also, Muscarello v. United States,* --- U.S. ----, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (holding the phrase "carries a firearm" is not limited to the carrying of firearms on the person, but also applies to a person who knowingly possesses firearms in a vehicle, including in the locked glove compartment or trunk of a car).

2

In *Bousley,* --- U.S. at ----, 118 S.Ct. at 1607, Bousley contended that neither he nor his counsel correctly understood the essential elements of the crime with which he was charged (§ 924(c)(1)) and that, therefore, his plea was constitutionally invalid. The Court noted that it has long held that "a plea does not qualify as intelligent unless a criminal defendant receives "real notice of the true nature of the charge against him.' " *Id.,* citing *Smith v. O'Grady,* 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941). Bousley did not challenge the validity of his plea on appeal and, by failing to do so, procedurally defaulted his claim. *Bousley,* --- U.S. at ----, 118 S.Ct. at 1607. However, the Court stated that his "claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction of one who is innocent.' " *Id.,* citing *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397. The Court went on to explain that to establish "actual innocence," the petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley,* --- U.S. at ----, 118 S.Ct. at 1607, citing *Schlup v. Delo,* 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995).

Tannenbaum asserts that he did not carry a gun "in relation to" a drug-trafficking offense. In support of this, he claims that the loaded weapon was "inadvertently" in the waistband of his pants when the drug transaction occurred and that he did not "intend" for the gun to be part of the drug transaction.

Neither the defendant's subjective intention for the weapon nor the alleged inadvertency of its presence was a factor in this Court's determination in *Range* that the defendant was "carrying" a firearm during and in relation to a drug-trafficking offense. *Range,* 94 F.3d at 617. *Range* held

3

that in order to convict a defendant for carrying a firearm, it is necessary only to show that the defendant was "knowingly" carrying a gun when the drug transaction occurred. *Id.*

At his change-of-plea hearing, Tannenbaum admitted to carrying a loaded weapon in his waistband during the drug transaction. According to *Range,* this fact is enough to convict Tannenbaum under the "carry" prong of § 924(c). *Id.*

Therefore, because Tannenbaum cannot demonstrate that he is innocent of the "carry" prong of § 924(c), he may not rely upon *Bousley* to have his defaulted claim of an unintelligent plea considered on its merits.

Because *Bailey,* 516 U.S. at 137, 116 S.Ct. at 501, only affects convictions based upon the "use" prong of § 924(c)(1), and because Tannenbaum cannot demonstrate that he is innocent of the "carry" prong of § 924(c)(1), he may not rely upon *Bousley,* --- U.S. at ----, 118 S.Ct. at 1604, to have his defaulted claim of an unintelligent plea considered on its merits. Accordingly, the district court did not clearly err in denying Tannenbaum's § 2255 motion to vacate, set aside, or correct his sentence for the violation of 18 U.S.C. § 924(c)(1).

AFFIRMED.