[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15307
Non-Argument Calendar
_____

D. C. Docket No. 07-01505-CV-CAM-1

JESUS MARIA LOPEZ,

Plaintiff-Appellant,

versus

MICHAEL WALLACE, Attorney at Law,
STEPHANIE STUCKEY BENFIELD, Attorney at Law,
TRACI SODERBERG, Assistant District Attorney,
DAVID KEETON, Asst. VP, Business Development
(LOMA),
DAVID P. HENRY, Gwinnett County Police Department,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 24, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jesus Maria Lopez, a pro se Colombian citizen incarcerated in a Georgia prison, appeals the dismissal of his civil claim under the Alien Tort Statute, 28 U.S.C. § 1350, alleging a violation of his rights under Article 36 of the Vienna Convention on Consular Relations ("VCCR").[1]  On June 19, 2007, Lopez filed a pro se suit against his trial and appellate attorneys, the assistant district attorneys who prosecuted him, and the police officers who arrested and interrogated him. Lopez maintained that he was asserting "a Federal Alien Tort action authorized by 42 U.S.C. [§] 1983 to redress the deprivation, under color of International Treaty, of rights secured by Article 36 of the VCCR and Laws of the United States," and that the district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1350.  Lopez alleged that on the day of his arrest, January 17, 2001, his arresting officers refused his request to contact the Colombian consulate, in violation of his right to such notification under the VCCR.  Lopez further alleged that his attorneys and the district attorneys were aware of this violation but failed to do anything about it.  Lopez sought a declaration that his VCCR rights had been violated, an

---

[1] Article 36 of the VCCR provides that signatory States shall inform an alien's consulate when he is arrested or imprisoned, and the arresting State shall inform the alien of his right to consulate contact.  VCCR, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820.

injunction ordering the defendants to inform non-citizens of their right to consular notification, and damages.

The district court <u>sua sponte</u> dismissed Lopez's complaint pursuant to 28 U.S.C. § 1915A(b)(1)[2] for failure to state a § 1983 claim, concluding that the VCCR did not provide Lopez with judicially enforceable rights. Lopez filed a motion for reconsideration, which the district court denied on the grounds that (1) even if Lopez did possess an individual right to consular notification under the VCCR, he could not show actual harm arising from the violation of that right; and (2) Lopez's § 1983 action was frivolous because it was filed after the two-year statute of limitations had run. Lopez appealed the court's dismissal of his § 1983 complaint and denial of his motion to reconsider.

We affirmed in part and vacated and remanded in part. We held that irrespective of whether the VCCR grants individual rights that are enforceable under § 1983, the district court was correct in holding that Lopez's claim would be time-barred. We went on to note, however, that neither the district court's <u>sua sponte</u> order dismissing Lopez's complaint nor its order denying his motion to reconsider had addressed whether the complaint stated a claim under § 1350 or

---

[2] Section 1915A provides for a screening process whereby a judge reviews as soon as possible any suit filed by a prisoner against a government entity or officer and may dismiss the suit for, among other things, failure to state a claim.

3

whether § 1350's ten-year statute of limitations, which had not run, should have been applied. Accordingly, we remanded the case for consideration of whether Lopez's complaint stated a § 1350 claim, and, assuming that it did, whether that claim could survive § 1915A review.

On remand, the district court dismissed Lopez's complaint for failure to state a claim under either § 1983 or § 1350, citing our recently published decision in Gandara v. Bennett, 528 F.3d 823 (11th Cir. 2008), in which we held that the VCCR does not contain rights or remedies individually enforceable through § 1983. On appeal, Lopez argues essentially that because the VCCR is self-executing and creates judicially enforceable rights, he may enforce those rights pursuant to the "remedial structure" of § 1350.[3] We disagree.[4]

In Gandara, we held that Article 36 of the VCCR does not confer judicially enforceable individual rights and that violations of the VCCR are properly addressed by and between the states themselves. 528 F.3d at 829. Our holding applies irrespective of whether an individual petitioner attempts to enforce Article

---

[3] Section 1350 provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

[4] We review de novo a sua sponte dismissal for failure to state a claim, pursuant to § 1915A(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). We liberally construe pro se pleadings, holding them to a less stringent standard than attorney-drafted pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

36 pursuant to § 1983 or § 1350. <u>See</u> <u>Gandara</u>, 528 F.3d at 380 n.1 (Rodgers, J., specially concurring) (noting that the petitioner had filed his claim under the VCCR pursuant to both § 1983 and § 1350). Lopez may not use § 1350 to create an individual cause of action under the VCCR where we have found there to be none. <u>See</u> <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692 (2004) (dismissing alien's § 1350 action alleging he had been abducted in Mexico by U.S. agents in violation of the extradition treaty between the U.S. and Mexico and customary international law on the grounds that § 1350 is jurisdictional and authorizes suits based only on a limited number of offenses recognized at the time of its enactment or universally recognized today). Therefore, the district court did not err in dismissing Lopez's complaint for failure to state a claim under § 1350.

**AFFIRMED.**