[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11479
Non-Argument Calendar

_____

D. C. Docket No. 07-61369-CV-JAL

LINDA M. MULKEY,
BOBBY ATKINS,

Plaintiffs-Appellants,

versus

LAND AMERICA TITLE ASSOCIATION, INC.,
LAWYERS TITLE INSURANCE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2009)

Before EDMONDSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Linda M. Mulkey and Bobby Atkins, proceeding pro se, appeal the sua sponte dismissal of their complaint. Plaintiffs alleged breach of contract in violation of Florida law against Defendants Land America Title Association and Lawyers Title Insurance Corporation. The district court dismissed the complaint for lack of subject-matter jurisdiction, Fed.R.Civ.P. 12(h)(3). No reversible error has been shown; we affirm.

On appeal, Plaintiffs argue that the district court should not have dismissed their complaint for lack of subject-matter jurisdiction because the complaint sufficiently alleged jurisdiction. Pursuant to Rule 12(h)(3), if a court determines "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." We review the district court's determination about its subject-matter jurisdiction de novo. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).* The party bringing the claim bears the burden of establishing federal subject-matter jurisdiction. Id.

In their second amended complaint, Plaintiffs asserted jurisdiction under diversity of citizenship. A district court may exercise jurisdiction over a civil case between citizens of different states, provided that the amount in controversy

_____

*In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Diversity must be complete: no plaintiff can be a citizen of the same state as any defendant.  MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

In their complaint, Plaintiffs indicated that they were citizens of Florida. Plaintiffs also listed a Florida address for Lawyer's Title.  Plaintiffs' complaint did not state where Defendants were incorporated or where they had their principal place of business; so it is unclear where Defendants resided for diversity jurisdiction purposes.  See 28 U.S.C. § 1332(c) (explaining where a corporation resides).  But Plaintiffs bore the burden of establishing jurisdiction; and a district court should not assume jurisdiction.  See Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (1998) (explaining that a court cannot assume jurisdiction to reach the merits of a case); Sweet Pea Marine, 411 F.3d at 1247. Therefore, because Plaintiffs failed to allege complete diversity between themselves and Defendants, the district court correctly determined that it could not exercise diversity jurisdiction over the case.

Plaintiffs also attempted to assert federal question jurisdiction, noting that they had suffered "personal injury" caused by "an agency under the color of state law." Under 28 U.S.C. § 1331, a federal court may exercise subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the

3

United States." To the extent Plaintiffs sought relief under the federal civil rights statute, 42 U.S.C. § 1983, they clearly alleged no facts that would allow the district court to exercise federal question jurisdiction: both Defendants are private corporations and nothing in the complaint indicates that they are state actors. So, Plaintiffs could not rely on section 1983 as a basis for federal jurisdiction.

AFFIRMED.