[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10847
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23127-CV-CMA

DOUGLAS EARL NALLS,
Sui Juris Sovereign, One (office) of We
the People of the Republic of Florida, a
State,

                                                        Plaintiff-Appellant,

versus

BUREAU OF PRISONS OF UNITED STATES OF AMERICA,
ATTORNEY GENERAL OF THE UNITED STATES,
Eric Holder, Jr.,
DIRECTOR OF FEDERAL BUREAU OF PRISONS,
Harley G. Lappin,
LEONARD GALLOWAY,
Counselor,
BRUCE PEARSON,
Warden, et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(December 29, 2009)

Before EDMONDSON, MARCUS, and ANDERSON, Circuit Judges.


PER CURIAM:

Douglas Earl Nalls, proceeding pro se, appeals the dismissal with prejudice of his first amended complaint -- filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S.Ct. 1999 (1971) -- for failure to state a claim, Fed.R.Civ.P. 12(b)(6).  No reversible error has been shown; we affirm.

We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6).  Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004).  And "[w]e accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party."  Id.  In addition, we liberally construe pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Nalls was convicted of fraud offenses and imprisoned at the Federal Correctional Complex ("FCC") in Coleman, Florida.  He previously had been

2

convicted of child abuse and sexual offenses in Maryland. After Nalls served his sentence for the federal charges, the Bureau of Prisons ("BOP") -- pursuant to 18 U.S.C. § 4042(c) -- notified state and local officials in Florida that Nalls was being released and that he was required to register as a sex offender.

In his first amended complaint, Nalls alleged that his name, likeness, and other data inappropriately were placed on sex offender lists in violation of his constitutional rights. Nalls alleged that the offender list amounted to a bill of attainder and that application of section 4042(c) to him violated ex post facto principles, due process, and equal protection. He filed his complaint against these defendants: (1) the United States; (2) the United States Attorney General; (3) the BOP; (4) the director of the BOP; (5) the warden of FCC Coleman; (6) a case manager at FCC Coleman; and (7) a counselor at FCC Coleman. Nalls sought money damages and injunctive relief.

The district court, adopting the magistrate judge's recommendation, granted defendants' motion to dismiss because sovereign immunity prevented Nalls from maintaining an action against the United States government for money damages. To the extent Nalls sought to sue defendants in their individual capacities, the court concluded that Nalls's action was barred because all acts he alleged by defendants were undertaken in their official capacities. The court also rejected Nalls's bill of

3

attainder, ex post facto, and equal protection claims on the merits. On appeal, Nalls argues that he can maintain his action against individual defendants pursuant to Bivens and repeats his arguments about constitutional violations.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." United States v. Dalm, 110 S.Ct. 1361, 1368 (1990) (internal quotations and citations omitted). Official capacity suits are, in reality, suits against the official's agency/entity. Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985). Here, the United States has not consented to suit: Congress explicitly has maintained sovereign immunity for acts taken in compliance with the sexual offender notification requirements of section 4042(c). See 18 U.S.C. § 4042(c)(5). Thus, sovereign immunity bars Nalls's claims against the United States, the BOP, and the individual defendants in their official capacities.[1]

Nalls also attempted to maintain a Bivens action against defendants in their individual capacities. We conclude that Nalls's Bivens claim fails. In Bivens, the

---

[1]The district court noted correctly that Nalls's request for injunctive and declaratory relief became moot during the district court proceedings: the state of Florida notified Nalls that it had removed his name from the Florida sexual offender registry because neither Federal nor Florida law required Nalls still to be registered as a sex offender. See Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997) ("[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury"). This removal resulted from a change in federal law: the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911 et seq.

Supreme Court concluded that injured plaintiffs can bring a private cause of action for damages against federal officers based on violations of constitutional rights. Behrens v. Regier, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005). But vicarious liability is inapplicable to Bivens; so "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). Nalls alleged no personal misconduct on the part of the Attorney General, the BOP director, and the warden of FCC Coleman. Thus, he did not show how these defendants violated his constitutional rights and stated no Bivens claim against them.

Nalls made direct allegations only against the case manager and counselor at FCC Coleman: that these defendants threatened Nalls into signing his sexual-offender designation. But qualified immunity protects the case manager and counselor from suit. "[Q]ualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009) (internal quotation and citation omitted). The case manager and counselor were merely performing their job duties when they requested Nalls to sign a form that designated him a sexual offender.

5

This act violated no clearly established constitutional right; and qualified immunity bars Nalls's suit against these two defendants.[2]

AFFIRMED.[3]

---

[2]Because we decide Nalls's case on immunity grounds, we decline to discuss the merits of his constitutional arguments.

[3]Nalls raises the issue of stare decisis.  But the out-of-circuit district court decision to which Nalls cites has no binding precedential effect on the district court or this Court.  See Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co., 240 F.3d 956, 965 n.14 (11th Cir. 2001) (explaining that stare decisis only applies "in situations where a court is bound by its own controlling decisions or that of courts to which it is obedient").