[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13880
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02557-VMC-MAP


KYLE MCCLAMMA,

                                        Plaintiff - Appellant,

versus

JOSEPHA MICHELLE REMON,
U.S. Senior Probation Officer,

                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 28, 2014)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Kyle McClamma, proceeding *pro se*, appeals the district court's dismissal—on qualified immunity grounds—of his *Bivens*[1] suit against former U.S. Senior Probation Officer Josepha Remon. Mr. McClamma alleged that Officer Remon denied him his rights to property and familial association without due process by imposing a residency restriction as a condition of Mr. McClamma's supervised release. We affirm.

## I.

Mr. McClamma pled guilty in 2006 to one count of possessing child pornography.[2] Mr. McClamma was placed on bond until sentencing, and was permitted to reside with his wife and then-newborn daughter.

The district court later sentenced Mr. McClamma to 36 months in federal prison, to be followed by a life term of supervised release. The terms of Mr. McClamma's supervision did not explicitly include a residency restriction, but provided that any contact with minors would require the prior written approval of his probation officer. After being released from prison in April of 2009, Officer

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although Mr. McClamma purportedly brought this action under 42 U.S.C. § 1983, his complaint against Officer Remon, a federal officer, is cognizable under *Bivens*. *See Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003) ("A *Bivens* action is analogous to § 1983 suits against state and local officers.").

[2] We take judicial notice of the documents in Mr. McClamma's underlying criminal case because these facts can be accurately and readily determined from the district court's docket, the accuracy of which cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). Many of these documents were also attached to Mr. McClamma's complaint. *See* D.E. 1.

2

Remon permitted Mr. McClamma to have supervised contact with his minor daughter, but did not allow him to reside with her in the same home.

In November of 2009, Mr. McClamma's wife filed for dissolution of marriage. Mr. McClamma argues that his wife had "intended to remain in the marriage," and testified during their divorce proceedings that she had expected that Mr. McClamma would be living with her and their daughter upon his release from prison. *See* Appellant's Br. at 7.[3]

In November of 2009, Mr. McClamma filed a motion for clarification of the terms of his supervision. In this motion, Mr. McClamma explained that he did not believe that the district court had intended for the prior-written-approval condition to impose a residency restriction, particularly because his daughter had been specifically exempted from the same condition when he was released pending sentencing. A month later, however, Mr. McClamma moved to withdraw the motion for clarification because the parties were attempting to resolve the issue. The district court granted this motion to withdraw.

In November of 2010, Mr. McClamma filed a second motion for clarification of his terms of supervised release. In response, the district court modified Mr. McClamma's supervision to "permit contact or visitation with [his]

---

[3] Following his release from prison, Mr. McClamma has continued to challenge his supervised release conditions, including through a still-pending 28 U.S.C. § 2255 motion to remove the prior-written-approval condition, and a separate motion for early termination of his supervised release which was denied by a district court and affirmed by this Court.

3

daughter only when supervised by an approved third-party supervisor." D.E. 52 at 1.

Mr. McClamma's allegations against Officer Remon covered only the seven-month period from his release from prison on April 29, 2009, until the legal dissolution of his marriage on November 16, 2010. *See* D.E. 1 at 6. Specifically, Mr. McClamma alleged that Officer Remon acted "outside the scope of her authority" by imposing a residency restriction that was not a condition of his supervised release, thus depriving him of his rights to property and familial association without due process. *See* D.E. 1 at 9. Officer Remon argued that Mr. McClamma's complaint should be dismissed because (1) she was entitled to qualified immunity; (2) she was entitled to quasi-absolute immunity; and (3) the action was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it implied the invalidity of the court's sentence.

The district court granted the motion to dismiss, finding that qualified immunity shielded Officer Remon from suit. Specifically, the district court found that, in interpreting the court-ordered conditions of Mr. McClamma's supervised release, Officer Remon was "performing a legitimate job-related function through means that were within her power to utilize," and, as such, was exercising her discretionary authority. *See* D.E. 25 at 11. The district court further ruled that Mr. McClamma did not carry his burden of showing that "the rights he claimed

[Officer] Remon violated were clearly established in similar circumstances," and, therefore, was unable to show that qualified immunity should not apply. *See id.* at 12. The district court did not find it necessary to decide the issue of absolute immunity or the applicability of *Heck*.

## II.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). The facts as pleaded must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).[4]

Qualified immunity is "an immunity from suit, rather than merely a defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal emphasis omitted). It "protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (citation omitted). To be entitled to qualified immunity, a defendant must first establish that she was acting within the scope of her discretionary authority, meaning the

---

[4] As Mr. McClamma is proceeding *pro se*, his pleadings must be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

5

government employee must have been performing a legitimate job-related function, or pursuing a job-related goal, through means that were within the official's power to utilize. *See Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007); *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). Once the defendant has established that she was acting within her discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate," *Mathews*, 480 F.3d at 1269, by showing: "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman*, 370 F.3d at 1264.[5]

From the record, it is clear that Officer Remon was acting within her discretionary authority in interpreting and enforcing the court-ordered conditions of Mr. McClamma's supervised release. The burden, therefore, shifts to Mr. McClamma to show that Officer Remon, in imposing the residency restriction, violated a clearly established right. In order to demonstrate that a right has been clearly established, a plaintiff may: (1) show that a materially similar case has already been decided; (2) identify a "broader, clearly established principle [that] should control the novel facts [of the] situation"; or (3) argue that the conduct at issue so obviously violated the constitution that existing case law is unnecessary. *See Loftus v. Clark-Moore*, 690 F.3d 1200, 1204-05 (11th Cir. 2012). Because of

---

[5] We may consider the two prongs of the qualified immunity analysis in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

the unusual circumstances of this case, we look to whether there was a clearly established principle that should control the facts of this case.

While certainly an important and well-protected right, the right to association, and in particular intimate association, is not absolute. *See Shahar v. Bowers*, 114 F.3d 1097 (11th Cir. 1997). *See also Foy v. Holston*, 94 F.3d 1528, 1536-37 (11th Cir. 1996); *Robertson v. Hecksel*, 420 F.3d 1254, 1256-57 (11th Cir. 2005). In support of his claim, Mr. McClamma cites generally to several Supreme Court cases upholding the right to intimate association as a fundamental liberty interest. *See* Appellant's Br. at 8 (citing *Meyer v. Nebraska*, 262 U.S. 390 (1923), *Quilloin v. Walcott*, 434 U.S. 246 (1978), and *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)). There is no case, however, from this Court that even suggests that a probation officer can be held liable for violating a convicted defendant's right to association by interpreting and enforcing court-ordered conditions of supervised release as part of her official duties.

In his complaint, Mr. McClamma cited to *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). In that case, the Ninth Circuit held that, because the fundamental right to familial association is a "particularly significant liberty interest," the district court was required to make special findings that a condition restricting a defendant's contact with family members was necessary. As reiterated by the district court, the *Wolf Child* decision could not have revealed with "obvious

clarity" to Officer Remon that her conduct would violate federal law because (1) it was decided in October 2012, long after the challenged conduct here, and (2) *Wolf Child* is a statement of law from the Ninth, not the Eleventh, Circuit. *See Loftus*, 690 F.3d at 1205 ("'[t]he [controlling] principle must be established with obvious clarity by. . . case law'"). *See also Barnes v. Zaccari*, 669 F.3d 1295, 1307 (11th Cir. 2012) (to determine whether a right is clearly established, "we look to law as decided by the Supreme Court, the Eleventh Circuit, or the [state's] Supreme Court"). Similarly, Mr. McClamma has not cited to any binding precedent that suggests a defendant's right to property is violated by conditions of supervised release that prevent him from living in his home. *See* Appellant's Br. at 8. Accordingly, Mr. McClamma has not met his burden of showing that Officer Remon violated a clearly established right, and, therefore, has not shown that qualified immunity is inappropriate in this circumstance.

### III.

Because Officer Remon was acting within her discretionary authority as a U.S. Senior Probation Officer and did not violate a clearly established constitutional or statutory right by enforcing the prior-written-approval condition of Mr. McClamma's supervised release through a residency restriction, we affirm the district court's order of dismissal.

**AFFIRMED.**

8