[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13654
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cv-00155-WTH-PRL

CHARLES B. ANDERSON, JR.,

Petitioner-Appellant,

versus

FCC COLEMAN - USP II WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 3, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Charles Anderson, Jr., a federal prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging

the result of a prison disciplinary hearing.  Anderson seeks expungement of the

disciplinary report from his record and restoration of the good-conduct time he lost.  On appeal, Anderson argues that: (1) there is no evidence to support finding him guilty of fighting with another inmate; (2) the Bureau of Prisons ("BOP") violated his due process rights by not providing him with a video of the fight that was the subject of the disciplinary hearing; and (3) he was denied his right to present witnesses, two inmates who would have exonerated him, by the BOP's failure to timely conduct his hearing before the discipline hearing officer ("DHO"). After thorough review, we affirm.

We review <u>de novo</u> the district court's denial of habeas relief under § 2241. <u>Bowers v. Keller</u>, 651 F.3d 1277, 1291 (11th Cir. 2011).  "A district court's factual findings are reviewed for clear error."  <u>Id</u>.  <u>Pro se</u> pleadings are liberally construed. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  Because exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, we can deny a § 2241 petition on the merits without addressing exhaustion.  <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 475 (11th Cir. 2015).

The Supreme Court has held that the following minimum due process procedures are required in a prisoner's disciplinary proceeding: (1) at least 24 hours' notice of the charges so that the prisoner can prepare for the hearing; (2) a written statement by the factfinder detailing what evidence was relied upon and why disciplinary action was taken; and (3) the qualified right to call witnesses and

2

present documentary evidence, if not "unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). In determining whether a prisoner has received due process, in the context of revocation of good-time credits, a court is not required to examine the entire record, weigh the evidence, or independently assess the credibility of witnesses. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). The relevant question is only whether the hearing officer's findings are supported "by some evidence in the record." Id. at 454.

In this case, Anderson's disciplinary proceedings satisfied the due process requirements outlined by the Supreme Court in Wolff. Anderson was notified of the DHO hearing more than two months beforehand, the DHO Report explained the evidence it relied upon, and Anderson was allowed to present documentary evidence. Although the two inmate witnesses Anderson sought to present were not available, that was because one had been released from custody and the other could not be located by the BOP based on the identifying information provided by Anderson. Anderson acknowledged on his Central Office Administrative Remedy Appeal that he initially waived the right to witnesses until he learned that there was no video of the incident. On this record, we cannot say that the district court's factual findings -- that Anderson initially waived his right to call witnesses and that

a delay in the DHO hearing was caused by attempts to identify Anderson's requested witnesses -- were clearly erroneous.

Moreover, regardless of whether the two witnesses would have testified as Anderson says that they would, the incident report contains one staff member's statement that Anderson and the other inmate were exchanging punches and striking each other in the head and upper torso area.  Because the staff member's statement in the incident report constitutes "some evidence in the record," this evidence is sufficient to support the DHO's findings that Anderson fought with another inmate.  Id.  Finally, although Anderson argues that his due process rights were violated by the BOP failing to turn over video of the incident, there was no due process violation since the record indicates that video of the incident does not exist.  Accordingly, we affirm the denial of Anderson's § 2241 habeas corpus petition.

**AFFIRMED**.