[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15818
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60344-JIC

DOUGLAS JUIFFRE,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,
Sheriff Scott Israel,
BROWARD COUNTY COMMISSION,
JANE DOE,
Law Library Personnel,
JOHN DOE,
Law Library Personnel,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 27, 2017)

Before HULL, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Douglas Juiffre, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging denial of access to the courts for failing to state a claim upon which relief can be granted. He argues that the district court erred in dismissing his claim because the law library policies of the jail where he was previously incarcerated caused him actual injury. After careful review, we affirm.

I.

On February 23, 2016, Juiffre filed a complaint alleging denial of his access to the courts in violation of 42 U.S.C. § 1983. At the time, Juiffre was an inmate at the Paul Rein Detention Facility in Broward County, Florida. In that facility, Juiffre says he was only able to access legal research materials by filling out an Inmate Law Library Request Form, which limited him to requesting four cases per week, and which he had to designate by their exact case citations. Juiffre was never given access to a physical law library or allowed to browse through legal materials. He says "one can't learn the law with the defendant's exact-cite system. To expect an inmate to know exactly what he/she is asking for is unreasonable, because proper legal research is not done that way . . . ." Specifically Juiffre says that if not for the legal research restrictions, his previous civil action would not

2

have been dismissed.  In that 2015 case, Juiffre had made essentially the same claim, saying he had been denied access to the courts based on the Paul Rein Facility's legal research restrictions.  The district court dismissed Juiffre's previous action for failure to state a claim because he did "not identify any shortcomings with the legal access provided to him which actually prohibited him from pursuing claims before this or any court."

A magistrate judge prepared a Report and Recommendation ("R&R"), recommending that Juiffre's claim be dismissed without leave to amend as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).  Specifically, the Magistrate Judge found that Juiffre "fail[ed] to present any evidence establishing that the challenged actions deprived him of the capability of pursuing meritorious claim(s) in either this court, other federal courts, or the state courts.  Thus, [he did] not establish that he suffered the requisite injury."  Over objections, the district court adopted the R&R and dismissed Juiffre's claim.  This appeal followed.

II.

We review <u>de novo</u> the dismissal of an action for failure to state a claim for which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997).  District courts are required to screen civil complaints filed by prisoners and dismiss them if they are "frivolous or

3

malicious," "fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because the language in § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the standards for dismissal under Rule 12(b)(6) apply. Mitchell, 112 F.3d at 1490.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not necessarily required, but the pleading must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). The facts alleged, accepted as true, must allow a court to draw reasonable inferences that the defendant is liable. Id. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, we will not consider issues raised for the first time on appeal. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam).

Access to the courts is a fundamental constitutional right that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance

4

from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977).  However, there is no right to a law library or to legal assistance per se, but only "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996) (quotation omitted).

To bring an access to the courts claim, an inmate "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998).  The impairment of any other "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.  To show actual injury, the inmate must show that shortcomings in the jail's law library or legal assistance program "hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.

### III.

On appeal, Juiffre says he satisfied the actual injury requirement for purposes of his access-to-the-courts claim because two of his previous cases were dismissed: his 2015 access-to-the-courts case, which was dismissed for failure to

5

state a claim, and a 2016 case challenging the constitutionality of a Florida criminal statute, which was dismissed for improper venue.  But Juiffre did not discuss the dismissal of his 2016 constitutional claim in the district court.  In fact, that case was still pending when he filed his complaint in this action in district court.  Because it was not raised below, it is not properly before us.  See Leal, 254 F.3d at 1280.

We agree with the district court that the dismissal of Juiffre's 2015 case was not an actual injury sufficient to show denial of access to the courts.  Juiffre's 2015 access-to-the-courts case was itself dismissed because he did not show actual injury.  Now, in effect, Juiffre is attempting to use the dismissal of his previous, deficient access-to-the-courts claim to satisfy the actual injury requirement for his current access-to-the-courts claim.  But Juiffre still has not shown that the exact cite research system hindered his 2015 claim in a way that resulted in actual injury.  See Wilson, 163 F.3d at 1290.  Even if the research restrictions prevented Juiffre from learning that he needed to show actual injury when he filed his 2015 case, now that he knows that requirement, he still has  not described an actual injury that he could have pled in his 2015 case.  Juiffre has therefore not pled facts sufficient to allow a court to find the defendants liable for denying him access to the courts.  See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

6

Because he has not presented an actual injury, the district court properly determined that Juiffre failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**