[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15010
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cv-61295-WPD

NADINE MCINDOO,

Plaintiff-Appellant,

versus

BROWARD COUNTY,
MARICOPA COUNTY, AZ,
CASSANDRA MATHIS-SCARBROUGH,
ANDREA CURRY,
KARL SCHOLES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 19, 2018)

Before MARTIN, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiff Nadine McIndoo, proceeding pro se, appeals the district court's dismissal without prejudice of her second amended complaint, filed pursuant to 42 U.S.C. § 1983 and Florida law. No reversible error has been shown; we affirm the dismissal.

Briefly stated, this civil action arises from an underlying child custody dispute between Plaintiff and her son's biological father, Defendant Ashley Atkinson. Plaintiff says she was granted custody of her son by a New York state court in 1999. Plaintiff and her son later moved to Florida. When Plaintiff was hospitalized in late 2012, Child Protective Services placed temporarily Plaintiff's son in Atkinson's care. Atkinson then moved Plaintiff's son to Arizona.

Atkinson initiated child custody proceedings in Arizona state court in January 2013; the Arizona state court exercised emergency jurisdiction over the case. Meanwhile, Plaintiff filed in Florida state court a petition to domesticate the 1999 New York order. These events led to an ongoing dispute about what state -- Arizona or Florida -- had proper jurisdiction over the custody proceedings. In

2

2016, a Florida state court ordered that Plaintiff's son be returned to Plaintiff's custody.[*]

In her initial complaint filed in this civil action, Plaintiff asserted 14 counts for violations of her constitutional rights and Florida law. In a 13-page order, the district court dismissed Plaintiff's complaint based on six independent grounds: (1) for failure to state a claim, (2) for lack of subject matter jurisdiction, (3) as an impermissible shotgun pleading, (4) for lack of a statutory private right of action, (5) as barred by judicial immunity, and (6) for lack of jurisdiction to review state family court judgments. The district court then permitted Plaintiff to file an amended complaint.

In her 65-page second amended complaint, Plaintiff purported to assert 18 counts for violations of her constitutional rights and Florida law. In the style of her complaint, Plaintiff named nine defendants: Atkinson, Christina Willis (Atkinson's girlfriend), Sharon Trepiccione (a family acquaintance), Karl Scholes (Plaintiff's former lawyer), Cassandra Mathis-Scarbrough (a court-appointed attorney for Plaintiff's son), Andrea Curry (a court-appointed best interest advocate for Plaintiff's son), George Reimer (a member of Arizona's judicial ethics board), Broward County, Florida, and Maricopa County, Arizona. Within the body of the

---

[*] Before Plaintiff's son could be returned to Plaintiff's custody, however, Plaintiff's son was convicted of robbery and sentenced to four years' imprisonment in Arizona. Throughout her complaint, Plaintiff alleges that her son's conviction and imprisonment was a "direct and proximate result" of Defendants' complained-of conduct.

complaint, Plaintiff also purported to assert claims against nine named Arizona and Florida state court judges.

The district court concluded that Plaintiff's second amended complaint was subject to dismissal for the reasons already explained in the district court's earlier 13-page dismissal order, including for failure to allege adequately a basis for subject matter jurisdiction, and for failure to state a claim upon which relief could be granted. The district court dismissed, without prejudice, Plaintiff's complaint.

We review de novo questions about the district court's subject matter jurisdiction. Miccosukee Tribe of Indians of Fla. v. United States Army Corps of Eng'rs, 619 F.3d 1289, 1296 (11th Cir. 2010). We also review de novo the district court's dismissal of a complaint for failure to state a claim. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). In doing so, we accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Id. In addition, we construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[N]aked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause

4

of action, supported by mere conclusory statements, do not suffice." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quotation and alteration omitted).


I.


As an initial matter, Plaintiff's claims against the Arizona and Florida state

court judges are barred by absolute judicial immunity. State court judges have

absolute immunity "from liability for damages for acts committed within their

judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). A judge is

entitled to immunity even when his conduct "was in error, was done maliciously,

or was in excess of his authority . . . ." Stump v. Sparkman, 435 U.S. 349, 356

(1978). A judge acting within his judicial capacity is "subject to liability only

when he has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57.

Here, Plaintiff's claims against the Arizona and Florida state judges stem

from judicial rulings made by the state court judges as part of the underlying child-

custody proceedings. These decisions were made in the direct exercise of each

judge's judicial function. See id. at 362 (in determining whether an act by a judge

is "judicial" in nature, we consider "whether it is a function normally performed by

a judge" and whether the parties "dealt with the judge in his judicial capacity").

Although Plaintiff challenges the state court judges' rulings as wrongly decided or

as negligent, Plaintiff alleges no facts demonstrating that the judges acted in the "clear absence of all jurisdiction." The Arizona and Florida state court judges are thus entitled to absolute judicial immunity from Plaintiff's claims.

To the extent judicial immunity would not bar Plaintiff's claim against Judge Coury for violation of the Emoluments Clause, Plaintiff has failed to state a claim for relief. This case involves no title of nobility or gift from a foreign power that would implicate the Emoluments Clause; that claim was thus subject to dismissal. See U.S. Const. art. I, § 9, cl. 8.

Apart from the complained-of conduct of the state court judges, Plaintiff makes no factual allegations about -- and asserts no claims for liability against -- Broward County or Maricopa County. Plaintiff has thus stated no claim for relief against these defendants.

## II.

Plaintiff purports to assert claims for violations of her constitutional rights -- pursuant to 42 U.S.C. § 1983 -- against these defendants: Atkinson, Mathis-Scarbrough, Curry, Scholes, Reimer, the State of Florida, and the State of Arizona. To state a claim for relief under section 1983, a plaintiff must allege that a person

6

acting under color of state law deprived him of a federal right.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

The district court committed no error in dismissing Plaintiff's section 1983 claims against Atkinson, Mathis-Scarbrough, Curry, and Scholes.  These defendants are private parties, and Plaintiff has alleged no facts demonstrating that these defendants should be viewed as state actors.  Cf. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (setting out the "rare circumstances" in which a private party may be treated as a "state actor" for purposes of section 1983 liability).  Atkinson's use of a state court constitutes no act under color of state law.  See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).  Nor does Scholes's status as an officer of the court subject him to section 1983 liability.  See Polk Cnty. v. Dodson, 454 U.S. 312, 318-19, 318 n.7 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").  That Mathis-Scarbrough and Curry were appointed by the state court is also insufficient by itself to transform them into state actors.  See Vermont v. Brillion, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered a state actor"); Harvey, 949 F.2d at 1132-34 (a state court-appointed emergency guardian who recommended involuntary commitment was no state actor for purposes of section 1983).

7

About Reimer, Plaintiff has alleged insufficient facts from which we can conclude whether Reimer (we do not decide whether Reimer might be due some immunity -- judicial or otherwise) was a state actor.  Even to the extent Reimer can be characterized as a state actor, Plaintiff alleges only that Reimer dismissed her complaint for judicial misconduct.  With no more facts, Plaintiff has stated no plausible claim for relief against Reimer for violation of a federally protected right.

About Plaintiff's claims against the States of Florida and Arizona, those claims were also subject to dismissal as barred by the Eleventh Amendment.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

## III.

Plaintiff purports to assert a claim for violation of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  Each state pertinent to Plaintiff's claims -- Arizona, Florida, and New York -- has adopted a version of the UCCJEA.  See Ariz. Rev. Stat. Ann. § 25-1001 et seq.; Fla. Stat. Ann. § 61.501 et seq.; N.Y. Dom. Rel. Law § 75 et seq.  Because these statutes provide no private right of action for an injured party to sue for violations of the UCCJEA, the district court committed no error in dismissing Plaintiff's claim.

8

IV.

Plaintiff asserts a claim against Atkinson for intentional interference with the parent/child relationship.  To state a claim for intentional interference with the parent/child relationship under Florida law, Plaintiff must allege facts demonstrating that "the plaintiff had superior custody rights to the child and that the defendant intentionally interfered with those rights."  Stone v. Wall, 734 So. 2d 1038, 1042 (Fla. 1999).

Viewing the facts in the light most favorable to Plaintiff, Plaintiff has alleged no facts sufficient to demonstrate that she had "superior custodial rights" over her son.  In her second amended complaint, Plaintiff alleged that Atkinson had been granted temporary custody over her son before Atkinson moved her son to Arizona.  Atkinson then initiated child custody proceedings, seeking permanent custody.  Given that the status of Plaintiff's and Atkinson's respective custodial rights were the subject of pending child-custody proceedings, Plaintiff cannot state a claim for relief for an intentional interference with her parent/child relationship. Plaintiff's conclusory allegations that she was her son's legal custodial guardian are inconsistent with her factual allegations and are insufficient to state a plausible claim for relief.  See Iqbal, 556 U.S. at 678.

9

Plaintiff also purports to assert claims based on an alleged conspiracy to interfere with Plaintiff's parental rights and to commit fraud on the court. In support of her claims, Plaintiff contends that Atkinson and Trepiccione lied intentionally to the Arizona state court to influence the outcome of the child custody proceedings. Plaintiff also alleges that Atkinson, Reimer, Mathis-Scarbrough, Curry, and Scholes (1) manipulated unlawfully the custody proceedings to establish jurisdiction in Arizona; and (2) engaged in a "secret plan" to assist Atkinson in gaining full custody. These conclusory and speculative allegations, devoid of factual support, state no plausible claim for relief. See id.

V.

Plaintiff also fails to state a plausible claim for relief for gross negligence, negligence, or for intentional infliction of emotional distress. Briefly stated, Plaintiff contends that Mathis-Scarbrough and Curry were negligent -- and liable for intentional infliction of emotional distress -- for failing to investigate adequately and to consider properly all pertinent information before making recommendations about custody. Plaintiff also alleges that Willis was grossly negligent for deceiving Plaintiff's son and discouraging him from wanting to return to Plaintiff's care. Plaintiff also contends that Atkinson is liable for intentional

infliction of emotional distress based on his alleged misrepresentations to the state court during the child-custody proceedings.

Plaintiff makes no specific factual allegations to support her conclusory and speculative statements. Plaintiff has thus failed to satisfy the federal pleading standards. Moreover, Plaintiff has failed to allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," as required to state a claim for intentional infliction of emotional distress under Florida law. See Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985).

Because Plaintiff's second amended complaint was subject to dismissal -- and because the district court had already provided Plaintiff an opportunity to amend her complaint -- the district court committed no error in dismissing the complaint without prejudice.

AFFIRMED.

11