[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12274
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-00411-MCR-CJK

PATRICK ANTHONY RIBBING,
Chief, CSI Instructor to Tribal Ambassadors, and Emissary Personnel,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
ALL PERSONS IN THE COURTROOM,
On the dates, July 8, 2016; July 18, 2016; August 18, 2016; as accomplices.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 7, 2018)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Patrick Ribbing, proceeding pro se,[*] appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil action against the State of Florida and "all persons in the courtroom."  No reversible error has been shown; we affirm.

Construed liberally, Ribbing's complaint alleges these facts.  Ribbing was summoned to appear in court several times after Ribbing completed his probation requirements.  Ribbing alleges that all the people in the courtroom who stood up when the judges entered were in collusion to commit a classified operation. Ribbing says he was later summoned again to appear before a "pretend official in a kangaroo court" and all parties involved were "culturally incompetent."  Ribbing seeks relief under multiple sources, including various criminal statutes, the First Amendment, the Iroquois Confederacy Constitution, the Louisiana Purchase, the Civil Rights Act of 1964, the Rehabilitation Act, the Individuals with Disabilities Education Act, Title IX, the Ex-Patriot Act, and Article III of the United States Constitution.  As relief, Ribbing requests that the district court overturn two cases in which Ribbing was named as a party.

---

[*] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

The magistrate judge recommended that Ribbing's complaint be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  After considering Ribbing's objections, the district court adopted the magistrate's report and recommendation and dismissed Ribbing's complaint.

We review de novo a district court's sua sponte dismissal under section 1915(e)(2)(B)(ii) for failure to state a claim.  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6).  Id.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  To state a claim for relief under section 1983, a plaintiff must show that he was deprived of a federal right by a person acting under the color of state law.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

The district court committed no error in dismissing Ribbing's complaint for failure to state a claim.  Ribbing's complaint, liberally construed, alleges no facts that would support a plausible claim that Ribbing was entitled to relief.  Moreover, because amendment would have been futile, the district court was under no

3

obligation to provide Ribbing an opportunity to amend before dismissing the complaint.  See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015).

AFFIRMED.

4