[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12316
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-00515-KOB-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIFFANY WEDGEWORTH,
a.k.a. Tiffany Lewis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 16, 2020)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tiffany Wedgeworth, a federal prisoner proceeding pro se,[1] appeals the district court's denial of her motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A).  No reversible error has been shown; we affirm.

In 2008, Wedgeworth pleaded guilty to bank fraud and aggravated identity theft.  The district court imposed a sentence of 54 months' imprisonment and 60 months' supervised release.

In 2014 -- while on supervised release -- Wedgeworth was arrested and charged with identity fraud in violation of state law.  Based on this new criminal offense, the district court found Wedgeworth had violated the terms of her supervised release.  The district court revoked Wedgeworth's supervised release and sentenced her to 36 months in prison followed by 24 months of supervised release.

In 2018, the district court revoked Wedgeworth's supervised release a second time after finding Wedgeworth had committed another identity-theft offense.  The district court sentenced Wedgeworth to 36 months' imprisonment with no supervised release.

---

[1] We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In May 2020, Wedgeworth moved -- pursuant to section 3582(c)(1)(A) -- for a reduced sentence based on the COVID-19 pandemic. Wedgeworth said she was housed in a facility with 26 confirmed cases of COVID-19. Wedgeworth asserted that she is at increased risk from COVID-19 because she is African American, obese, and suffers from chronic hypertension.

The district court denied the motion. The district court concluded that Wedgeworth demonstrated no "extraordinary and compelling reasons" warranting a reduced sentence and that a reduced sentence would be inconsistent with the Sentencing Commission's policy statements.

A district court may modify a sentence only if the modification is authorized by a statute or rule. United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). Under section 3582(c)(1)(A), a district court "may reduce" a defendant's sentence if -- after considering the pertinent factors in 18 U.S.C. § 3553(a) -- the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has identified these circumstances as constituting "extraordinary and compelling reasons": (1) the defendant suffers from a terminal illness or from a serious physical or medical condition that

3

"substantially diminishes the ability of the defendant to provide self-care" while in custody; (2) the defendant is at least 65 years' old and is experiencing serious age-related deterioration in health; (3) the defendant's family circumstances, including the "death or incapacitation of the caregiver of the defendant's minor child"; and (4) other reasons as determined by the director of the Bureau of Prisons. U.S.S.G. § 1B1.13, comment. (n.1).

On appeal, Wedgeworth contends that, in denying her a sentence reduction, the district court focused improperly on her criminal history instead of on the current circumstances presented by the COVID-19 pandemic. We disagree.

The district court considered the current conditions of Wedgeworth's confinement and concluded that she had demonstrated no "extraordinary and compelling reasons" warranting a sentence reduction. In her motion, Wedgeworth sought a reduced sentence based on her medical health and her increased risk of COVID-19 complications. But the medical conditions described in Wedgeworth's motion do not rise to the level of severity that would constitute an "extraordinary and compelling reason." Wedgeworth suffers presently no terminal illness or other serious medical condition that "substantially diminishes" her ability to provide self-care. See U.S.S.G. § 1B1.13, comment. (n.1).

4

Moreover -- even when "extraordinary and compelling reasons" exist -- the district court must consider the applicable section 3553(a) factors in deciding whether to reduce a defendant's sentence.  Here, the district court considered Wedgeworth's repeated supervised release violations, the nature and circumstances of her identity theft offenses, the apparent lack of deterrent effect resulting from her previous sentences, and the policy statements of the Sentencing Commission. Based on these factors, the district court found Wedgeworth was "not amenable to complying with terms of supervision" and that a reduced sentence was not appropriate.

On this record, the district court abused no discretion in denying Wedgeworth a reduced sentence; we affirm.[2]

AFFIRMED.

---

[2] In her appellate brief, Wedgeworth says her child's father contracted COVID-19 and was placed on a ventilator in June 2020.  Construed liberally, we do not read this statement as seeking a sentence reduction based on family circumstances.  Although Wedgeworth says she wishes to be reunited with her daughter, she makes no assertion that her child is without a caregiver.  To the contrary, Wedgeworth says her best friend is serving as her child's guardian.