[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14783
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00669-JES-DNF


LUDEMA CRUZ DORWARD,

Plaintiff-Appellant,

versus

MACY'S INC,
d.b.a. Macy's Florida Stores, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 21, 2014)


Before WILLIAM PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ludema Cruz Dorward (a Filipino citizen), proceeding *pro se*, appeals the district court's denial of her motion to vacate and/or modify an arbitration award that denied her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), and related claims, against Macy's, Inc. ("Macy's"), her former employer.   With a reasoned and full opinion, the district court determined that Dorward failed to establish any of the exclusive grounds for vacatur or modification in 9 U.S.C. §§ 10 and 11.  We see no reversible error.

On appeal, Dorward recites all of the grounds for vacatur and modification in 9 U.S.C. §§ 10 and 11.  She, however, argues only that the award was procured through corruption, fraud, or undue means, as the arbitrator allegedly refused to accept some of her evidence and witnesses: she says the arbitrator failed to address in the opinion and award all relevant evidence.  In addition, Dorward maintains that the following errors occurred during the arbitration proceedings:  Macy's failed to provide her with Volume I of the arbitration hearing transcript; Macy's should provide her with representation; Macy's failed to make timely counterclaims; and the arbitrator extended by 30 days Macy's time to file its answer (which Macy's filed one day after the extended time).   Dorward also lists as an issue in her brief that the district court erred in denying her motion to vacate

2

and/or modify the arbitration award, as she had established a *prima facie* case of discrimination; she offers no arguments in support of this issue.

In reviewing a district court's denial of a motion to vacate an arbitration award, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

Section 10(a) of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), provides:

> In any of the following cases the United States court in and for the district wherein [an arbitration award] was made may make an order vacating the award upon the application of any party to the arbitration –
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

3

Section 11 of the FAA provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
>
> (a)    Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c)    Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

In *Hall Street Associates, L.L.C., v. Mattel, Inc.*, the Supreme Court said that §§ 10 and 11 provide the FAA's exclusive grounds for vacatur and modification of arbitration awards.  552 U.S. 576, 583, 128 S.Ct. 1396, 1403, 170 L.Ed.2d 254 (2008).  Applying *Hall Street*, we have concluded that the judicially-created, arbitrary and capricious ground for vacatur of arbitration awards is no longer valid. *See Frazier*, 604 F.3d at 1322-24.

We have said that the district court's review under §§ 10 and 11 is limited: "arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Cat Charter, LLC, v.*

*Schurtenberger*, 646 F.3d 836, 842-43 (11th Cir. 2011) (quotation omitted).  We have explained that "[t]here is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible."  *Frazier*, 604 F.3d at 1321 (quotation omitted).  As such, "a court's confirmation of an arbitration award is usually routine or summary."  *Cat Charter*, 646 F.3d at 842.

In reviewing claims for vacatur of an arbitration award on grounds of fraud, we have applied a three-part test.  *See Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988).  "First, the movant must establish the fraud by clear and convincing evidence."  *Id.*  "Second, the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration."  *Id.*  Third, the fraud must be "materially related to an issue in the arbitration."  *Id.*

We have stressed that "the basic policy behind arbitration . . . is to permit parties to resolve their disputes in an expeditious manner without all the formalities and procedures [of] full fledged litigation."  *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1016 (11th Cir. 1998) *overruled on other grounds by Hall Street Assocs., LLC,* 552 U.S. 576, 128 S. Ct. 1396.  Accordingly, to vacate on the ground of arbitrator misconduct, pursuant to § 10(a)(3), a mere difference of opinion between the arbitrator and the moving party about the correct resolution of a procedural problem is insufficient.  *See id.*  We have further stressed that "the FAA permits

arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues," and "[t]he arbitrator need only give each party the *opportunity* to present its arguments and evidence." *Id.* at 1017 (quotations and alterations omitted) (emphasis in original). In addition, we have said that an arbitrator may reject evidence that is cumulative or irrelevant. *Id.*

To vacate on the ground that the arbitrator exceeded the arbitrator's powers, pursuant to § 10(a)(4), the party seeking relief bears a heavy burden. *Oxford Health Plans LLC, v. Sutter*, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013). "It is not enough to show that the arbitrator committed an error – or even a serious error." *Id.* (quotations and alterations omitted). "Only if the arbitrator acts outside the scope of his contractually delegated authority – issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract – may a court overturn his determination." *Id.* (quotations and alterations omitted).

In general, we will not review issues, particularly fact-bound issues, not presented to the district court: issues on which the district court did not have an opportunity to make factual findings. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004). This policy applies even to *pro se* pleadings, which are held to a less strict standard than pleadings drafted by attorneys and are construed liberally. *See Tannenbaum v. United States*, 148 F.3d

6

1262, 1263 (11th Cir. 1998).  Besides, where a party makes only a passing reference to an issue in a brief and does not offer arguments and cite authorities in support of it, we will treat the issue as waived.  *See Hamilton v. Southland Christian Sch.*, 680 F.3d 1316, 1319 (11th Cir. 2012).

Dorward's challenge on appeal actually focuses on her disagreements with the arbitrator's fact finding.  Dorward fails to point to concrete facts that support any of the statutory grounds for vacatur or modification in 9 U.S.C. §§ 10 and 11.  We decline to consider her arguments that the arbitrator wrongfully accepted Macy's untimely answer, that Macy's should provide her with legal representation, and that Macy's failed to raise timely counterclaims: these arguments were presented for the first time on appeal.   In addition, Dorward has waived her contention that the district court erred in denying her motion to vacate and/or modify the arbitration award because she established a *prima facie* case of discrimination: she failed to offer arguments or cite law in support of this contention.  Moreover, these claims do not fall under any of the statutory grounds for modification or vacatur.

Accordingly, the district court's denial of Dorward's motion to vacate and/or modify the arbitration award is

**AFFIRMED.**

7