[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11017
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-22201-KMM,
Bkcy No. 13-bkc-01149-LMI

In re:

JAVIER MILIAN,
IVETTE MILIAN,

Debtors.

_____

JAVIER MILIAN,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
WELLS FARGO & COMPANY,
WELLS FARGO HOME MORTGAGE,
WELLS FARGO INSURANCE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2015)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Javier Milian, proceeding *pro se*, appeals the district court's affirmance of the bankruptcy court's order abstaining from exercising jurisdiction over his adversary complaint. The bankruptcy court determined that abstention was necessary and appropriate based on its conclusion that Milian was attempting to use the bankruptcy court to avoid or delay litigating a related mortgage foreclosure case in state court. On appeal, the district court concluded that the bankruptcy court did not err in abstaining from exercising jurisdiction over Milian's adversary complaint. The district court also addressed two additional issues in its order.

On appeal, Milian contends that he was denied procedural due process and equal protection under the law by the bankruptcy court's decision to decline to exercise jurisdiction over his adversary complaint. He argues that the bankruptcy court was biased against him and maintains that it should have exercised discretion over his claims because they were federal in nature. He also alleges that the district court did not conduct a proper and full review of his claims, but rather

2

deferred to the bankruptcy court's findings and the defendants' pleadings.  He argues that the case did not favor abstention.  Finally, he reiterates his assertion that the defendants do not hold the promissory note or the mortgage to his property.

"As the second court to review the judgment of the bankruptcy court, we review the order of the bankruptcy court independently of the district court." *Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors*, 680 F.3d 1298, 1310 (11th Cir. 2012).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Pursuant to 28 U.S.C. § 1334(d): "[a]ny decision to abstain or not to abstain made under section (c) . . . is not reviewable by appeal or otherwise by the court of appeals . . . ."  28 U.S.C. § 1334(d).

Pursuant to § 1334(d), we lack jurisdiction to consider the bankruptcy court's decision to abstain under 28 U.S.C. § 1334(c).  Accordingly, we dismiss this appeal for lack of jurisdiction.  Additionally, to the extent that the district court addressed issues beyond abstention, those parts of the order are vacated.

**VACATED IN PART AND DISMISSED.**

3