[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10950
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02547-CC


CHARLES E. GORE,

Plaintiff-Appellant,

versus

JACOBS ENGINEERING GROUP,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Charles Gore, proceeding pro se, appeals the district court's order granting summary judgment in favor of his former employer, Jacobs Engineering Group, Inc. ("JEG"), in his lawsuit alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e.  He also appeals the court's order dismissing his claim that JEG discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.  After careful review, we affirm in part and dismiss in part for lack of jurisdiction.

I.

Gore is an African-American man who was employed by JEG, which is a technical, professional, and construction staffing services firm.  JEG employed Gore as the resident inspector for the City of New Orleans's "Recovery Roads Project."  In August, 2013, Gore filed suit against JEG.  Gore's complaint appeared to generally allege retaliation and discrimination on the basis of race and age— presumably in violation of Title VII and the ADEA.  The court docketed a return of service indicating JEG was served on November 25, 2013.[1]

JEG filed a motion to dismiss for failure to state a claim on December 16, 2013.  Then, on December 31, 2013, Gore filed a Motion for Clerk's Entry of Default.  He argued JEG had failed to respond within the 21 days provided under

---

[1] The docket entry says JEG was served on November 22.  However, the Sheriff's Entry of Service indicates that service was effected on November 25.

Federal Rule of Civil Procedure 12(a)(1)(A)(i).  A magistrate judge issued an order finding that entry of default and default judgment in favor of Gore was not appropriate because JEG complied with Rule 12(a)(1)(A)(i) by filing and mailing service of its motion to dismiss on December 16, 2013.  The magistrate judge then issued another order finding that Gore's complaint failed to state a claim.  That order detailed the necessary elements a plaintiff must allege to state a claim under the ADEA and Title VII and instructed Gore to replead his complaint.  It also denied JEG's motion to dismiss as moot.  Finally, the order highlighted that Gore had not shown that he exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC").

Gore filed an amended complaint that again generally alleged retaliation and discrimination on the basis of race.  In relevant part, the complaint said JEG terminated him for "lack of work," but retained John Blaha, a non-African-American with the same job description and less seniority.  Gore attached to his amended complaint an EEOC charge he filed against JEG on May 31, 2013.  In his EEOC charge, Gore alleged that he was discriminated against on the basis of his race in violation of Title VII when he was terminated for "lack of work" by Cliff Lambert, his supervisor at JEG, and Thomas King, a human resources representative at JEG, on March 11, 2013.  The EEOC issued Gore a notice of right to sue on June 11, 2013.

3

JEG moved to dismiss Gore's amended complaint for failure to state a claim. In its motion, JEG noted Gore's amended complaint did not include any allegations of age discrimination. Gore responded, but did not mention his age discrimination claim. After JEG replied in support of its motion to dismiss, the magistrate issued a report and recommendation ("R&R") recommending the district court dismiss all of Gore's claims except his race discrimination claim under Title VII. The magistrate judge found that Gore adequately pled facts sufficient to support the elements of a Title VII claim. But as to his ADEA claim, the magistrate judge found that Gore abandoned it because his amended complaint made no reference to age discrimination, and neither did he respond in any way to JEG's arguments that the age discrimination claim should be dismissed. In his objections to the R&R, Gore challenged the dismissal of his retaliation, harassment, and unequal pay claims, but again failed to mention his age discrimination claim. The district court adopted the R&R and dismissed all of Gore's claims except his race discrimination claim under Title VII.

After the close of discovery, JEG moved for summary judgment. JEG argued, in relevant part, that race did not motivate its decision to terminate Gore. Instead, the company said it terminated Gore because New Orleans reduced the scope of its contract with JEG by eliminating Gore's resident inspector position, and Gore had not found a new placement before his company convenience leave of

4

absence ("CCLOA") term expired. JEG also argued that Gore's alleged comparator, Blaha, was not a similarly situated employee because Blaha (1) was a senior inspector; (2) worked in a different geographic area; and (3) worked on water and waste water projects, instead of transportation and road projects like Gore. Further, JEG said Gore's inability to find other positions with JEG was not based on race, but resulted because the positions he sought were either closed without being filled or filled with similarly qualified local candidates. JEG attached an affidavit from Brandon Miller (JEG's Human Resources Business Partner) and excerpts from Gore's deposition in support of its argument. As relevant here, Miller said Gore worked primarily in transportation and after New Orleans eliminated the resident inspector position, Gore was advised he would be placed on CCLOA for 60 days. Miller explained that employees who cannot find new projects when CCLOA expires were terminated, and that of the 37 jobs Gore sought, 22 were withdrawn by clients and 13 were filled by local candidates who did not need to relocate for the project. Also, Miller said Blaha—Gore's alleged comparator—never worked on the New Orleans project, never worked outside of Georgia, and worked almost exclusively on water and waste water projects. At his deposition, Gore testified that his duties as a resident inspector in New Orleans included quality control on highway construction. He also said Blaha was treated more favorably because Blaha was still working in Gwinnett County, but he

5

admitted he had never sought a position in Gwinnett County. Gore also testified Blaha had not worked on the New Orleans project with him.

JEG also argued in its motion for summary judgment that Gore had a hard time being placed due to his reputation for being difficult to work with and argumentative. In support, JEG attached affidavits from Lambert (Gore's supervisor at JEG), Cindy Findley (JEG's Human Resources Director), and Rex William Wright (JEG's Manager of Operations). Lambert's affidavit noted Gore was skilled and knowledgeable, but "one of the more difficult employees." He described Gore as overbearing, abrasive, insubordinate, uncompromising, and unaccepting of criticism. Similarly, Findley testfied in her affidavit that she told Gore he was having trouble finding a new position because managers "expressed that he was a challenge to work with." She recounted that Gore twice hung up the phone on her because he did not like what she told him; ignored her when she tried to give him crucial information; and talked over her during conversations. Finally, Wright said in his affidavit that during Gore's performance appraisal, he advised Findley and Lambert that Gore had difficulty building relationships, was overbearing and difficult, and needed to improve on interacting with others "in a collaborative and productive manner."

The magistrate judge issued an R&R recommending the district court grant summary judgment in favor of JEG. The R&R found that the evidence in the

record did not illustrate that JEG discriminated against Gore on the basis of race in delaying his performance appraisal, failing to promote him, reassigning him to a new position, and terminating him.  The magistrate judge said Gore could not identify a similarly situated comparator to establish his prima facie case because Blaha's position, field of expertise, and location were all different from Gore's.  The district court adopted the R&R over Gore's objections and granted summary judgment in favor of JEG.

## II.

Gore raises four issues on appeal.  We address each in turn.  In doing so, we construe Gore's pro se pleadings and brief liberally.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## A.

First, Gore says the district court erred in granting summary judgment to JEG on his Title VII claim alleging he was terminated based on his race.  We review de novo a district court's grant of summary judgment, drawing all reasonable inferences in the light most favorable to the non-moving party.  Quigg v. Thomas Cty. Sch. Dist., 814 F.3d 1227, 1235 (11th Cir. 2016).  To survive a motion for summary judgment, Gore must offer enough evidence for a reasonable jury to conclude he is entitled to a verdict in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).

7

Title VII makes it unlawful for an employer to discharge or otherwise change the terms and conditions of a person's employment on the basis of race (among other protected classes). 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish disparate treatment on the basis of a protected class through either direct or circumstantial evidence. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Direct evidence of discrimination includes "blatant remarks, whose intent could mean nothing other than to discriminate on the basis of" a protected class, proving discrimination "without inference or presumption." Id. at 1086 (quotations omitted). Statements that suggest, but do not prove, a discriminatory motive are circumstantial evidence. Id. For a case based on circumstantial evidence, a plaintiff may prove discrimination under the McDonnell Douglas[2] burden-shifting framework. Id. at 1087. Under that framework, the plaintiff establishes a prima facie case of discrimination if he shows that (1) he belongs to a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) similarly situated employees outside of the protected class were treated differently. Id. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. Id. And if the employer satisfies its burden by offering at least one such reason, the burden shifts

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

back to the plaintiff to rebut that reason as pretext. Id. at 1087–88. When a plaintiff seeks to show evidence of discrimination by comparing himself to a similarly situated employee who was not subjected to the adverse employment action, he must show he and the comparator are "nearly identical" in all relevant respects. Id. at 1091. If the plaintiff cannot point to such a comparator, and no other evidence of discrimination is present, summary judgment is appropriate. Id. at 1092.

The district court correctly granted JEG's motion for summary judgment on Gore's Title VII claim that he was terminated because of his race. First, Gore did not present any direct evidence of racial discrimination. The comments about Gore being a difficult employee were not "blatant remarks, whose intent could mean nothing other than to discriminate on the basis of" his race. Id. at 1086 (quotation omitted). At most, they suggest a discriminatory motive, and thus are circumstantial evidence. Id. at 1087. Second, Gore failed to establish a prima facie case of discrimination under the McDonnell Douglas framework because he did not identify a similarly situated employee who was not terminated. John Blaha—the only potential comparator Gore points to—was not "nearly identical" to Gore in all relevant respects. Id. at 1091. Specifically, the record shows (and Gore does not dispute) that unlike Gore, who worked on transportation and road projects, Blaha worked almost exclusively on water and waste water projects. It

also shows Blaha and Gore worked in different geographic areas, and JEG has presented undisputed evidence that it awards positions based in part on the geographic location of the applicants so as to avoid having to pay relocation expenses.  As a result, we affirm the district court's grant of summary judgment to JEG on Gore's Title VII claim.

B.

Gore's second argument on appeal is that the district court erred in granting JEG's motion to dismiss his ADEA claim under Federal Rule of Civil Procedure 12(b)(6).  We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6).  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).

The district court correctly found Gore abandoned his ADEA claim.  This Court has said a plaintiff's "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."  Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (holding that appellants had abandoned an issue they raised in a joint preliminary statement and scheduling order because they did not present it in their motion for summary judgment, support brief, or response brief to the appellee's motion for summary judgment).  Here, Gore's amended complaint made no reference to age discrimination.  Beyond that, he

failed to address or respond in any way to JEG's arguments that the district court should dismiss his ADEA claim. And after the magistrate judge recommended dismissing all of Gore's claims except his Title VII race discrimination claim, Gore's objections did not include anything about his age discrimination claim. As a result, the district court correctly found Gore abandoned his ADEA claim.

C.

Third, Gore says the district court erred in denying his motion for leave to proceed in forma pauperis ("IFP") on appeal because he was not aware of the rule that required him to specify in his IFP motion the issues he intended to appeal. However, we lack jurisdiction to consider this issue. A district court's denial of a motion for leave to proceed IFP is not a final order subject to this Court's appellate jurisdiction. Gomez v. United States, 245 F.2d 346, 347 (5th Cir. 1957).[3] Instead, the remedy for such a denial is a motion for leave to proceed IFP filed in this Court. See 28 U.S.C. § 1915(a)(1); see also Gomez, 245 F.2d at 347 (noting the appellant failed to seek this Court's permission to proceed IFP after the district court denied his IFP motion). Further, even if we construe Gore's argument as an IFP motion filed in this Court, that motion is moot because Gore has already paid the filing fee. See Frulla v. CRA Holdings, Inc., 543 F.3d 1247, 1251 (11th Cir.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

11

2008) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation omitted)). We therefore dismiss this claim for lack of jurisdiction. See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1227 n.14 (11th Cir. 2000) ("[M]ootness is a jurisdictional issue that must be resolved at the threshold.").

D.

Finally, Gore argues the district court erred in denying his motion for entry of default and default judgment because JEG never served him with its answer to his complaint. However, after the magistrate judge ordered Gore to file an amended complaint, Gore's original complaint no longer presented "a live controversy with respect to which [we] can give meaningful relief." Frulla, 543 F.3d at 1251. As a result, Gore's argument is moot, which means we must dismiss it for lack of jurisdiction as well.

**AFFIRMED IN PART, DISMISSED IN PART.**