[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10586
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-14293-RLR


PATRICK J. GRADY,

                                                        Plaintiff-Appellant,


versus


UNITED STATES GOVERNMENT,
DEPARTMENT OF DEFENSE,
DEPARTMENT OF JUSTICE,
INTERNAL REVENUE SERVICE,
ERIC H. HOLDER, JR.,
Covington & Burling LLP, et al.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 8, 2017)

Before TJOFLAT, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Patrick J. Grady, proceeding pro se, appeals the district court's dismissal of his complaint alleging constitutional and statutory violations for lack of subject-matter jurisdiction.  After careful review, we affirm.

## I.

Grady's complaint alleged that various government agencies, including the U.S. Department of Justice, the U.S. Department of Defense, and the Internal Revenue Service, were performing covert surveillance on him.  This surveillance included the following:  (1) installation of cameras in and near his apartment complex; (2) sting operations at a bar in Palm Beach County; (3) implantation of a microchip in his ear; (4) placement of a surveillance device on the roof of an adjacent building, which caused Grady to suffer from popping sounds, headaches, sneezing, voices, nightmares, chest pains, and more; (5) "gang-stalk[ing]" at public libraries and theatres by covert agents who would sit near Grady and disrupt him by making loud noises or coughing; and (6) "electromagnetic microwave surveillance."

Grady claimed the government's surveillance amounted to harassment and violated the Fourth and Fourteenth Amendments to the United States Constitution,

the Foreign Intelligence Surveillance Act of 1978, as well as the USA PATRIOT Act. He also claimed it caused his health to deteriorate.

The district court dismissed Grady's complaint because "[it] is patently insubstantial" and therefore the court lacked subject-matter jurisdiction. On appeal, Grady argues this was error because he raised plausible claims of unconstitutional behavior by the government defendants.

II.

We review de novo a district court's grant of a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). It is generally the plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000). "Pro se pleadings are held to a less stringent standard [of review] than [counseled] pleadings . . . and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, pro se litigants are still required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 1379

3

(1974) (quotation omitted).  Even where a claim appears to arise under the Constitution or a federal statute, it may be dismissed for lack of subject-matter jurisdiction if it is (1) "immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "wholly insubstantial and frivolous."  Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted); see McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) ("The test of federal jurisdiction is . . . whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." (quotation omitted and alteration adopted)).

## III.

We conclude that the district court did not err in dismissing Grady's complaint for lack of subject-matter jurisdiction.  Grady's allegations—that the government employed surveillance specialists to harass him while he was in the library and at theaters; performed sting operations at local bars; used electromagnetic surveillance, cameras, and rooftop devices to monitor him; and had a nurse act as a covert operative to implant a microchip in his ear—are so attenuated and unsubstantial as to be devoid of merit.  See Hagans, 415 U.S. at 536, 94 S. Ct. at 1379.  Although his claims appear to arise under the Constitution and federal statutes, they are far-fetched, wholly unsupported and therefore

4

insubstantial and frivolous. They were properly dismissed under Rule 12(b)(1).

See id.; Sanders, 138 F.3d at 1352.

**AFFIRMED.**