[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12814
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-00049-TCB


JEFFREY K. ECTOR,

Petitioner-Appellant,

versus

AHMED HOLT,
et. al,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 28, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Jeffrey Ector, a Georgia prisoner proceeding pro se, appeals the district court's denial of his second motion for reconsideration. After careful review, we affirm.

In 2009, Ector filed his first pro se petition under 28 U.S.C. § 2254 seeking federal habeas relief from his 2006 state convictions. The district court dismissed Ector's unexhausted claims and denied his remaining claims on the merits.[1] Ector filed another pro se § 2254 petition in 2016 in the district court again seeking federal habeas relief from his state convictions. The district court dismissed Ector's second § 2254 petition because he had not received permission to file a second petition from this Court as required by 28 U.S.C. § 2244(b)(3)(A).

Ector timely filed a motion asking the district court to reconsider his second § 2254 petition. The district court denied this motion, and Ector appealed the denial to this Court. We dismissed his appeal as frivolous.

Ector then filed a second motion for reconsideration in the district court. In his second motion for reconsideration, Ector asked the district court to reevaluate his first motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). The district court denied Ector's second motion, ruling that under Northern District of Georgia Rule 7.2E ("Local Rule 7.2E"), he could not file a

---

[1] Ector sought a certificate of appealability to challenge the denial of his first § 2254 petition in this Court. This Court denied his request in 2011.

2

second motion for reconsideration seeking review of the district court's denial of his first motion for reconsideration. Ector now appeals the denial of his second motion for reconsideration.[2]

This Court liberally construes pro se filings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We review a district court's application of its local rules for an abuse of discretion, affording great deference to a district court's interpretation of its local rules. Reese v. Herbert, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).

Local Rule 7.2E provides in relevant part that "[p]arties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration." LR 7.2E, NDGa. Ector's second motion for reconsideration does just that. The district court denied Ector's second motion for reconsideration according to the exact limitation described in Local Rule 7.2E. We therefore cannot say the district court abused its discretion when it straightforwardly applied its own local rule. Cf. Fils v. City of Aventura, 647 F.3d 1272, 1282–83 (11th Cir.

---

[2] Most of Ector's brief presents arguments underlying his second § 2254 petition. These arguments include (1) newly discovered evidence showed that he was not guilty of the offense; (2) the prosecutor engaged in prosecutorial misconduct; (3) the state trial judge was biased and should have been recused; (4) he was incompetent to stand trial due to a traumatic brain injury and memory loss; (5) his trial and appellate counsels provided ineffective assistance; and (6) he was denied a copy of the voir dire transcript. These arguments are not properly before this Court. Ector has already appealed the district court's dismissal of second § 2254 petition as impermissibly successive. And we have already dismissed that appeal as frivolous. This appeal concerns only the denial of Ector's second motion for reconsideration.

2011) (holding the district court did not abuse its discretion when it allowed the plaintiffs to submit a Statement of Material Facts not fully in compliance with its local rule).  We affirm the denial of Ector's second motion for reconsideration.

**AFFIRMED.**

4